JEANNE L. WARKENTIN, ADMINISTRATRIX (ESTATE OF
STEPHEN R. HADDAD) *v.* J. WILLIAM BURNS,
COMMISSIONER OF TRANSPORTATION, ET AL.
(14247)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued April 1—decision released July 21, 1992

*David S. Golub,* with whom were *Tanina Rostain* and *Jonathan M. Levine,* for the appellant (plaintiff).

*Paul E. Pollock,* for the appellee (named defendant).

COVELLO, J. This is a negligence action seeking damages for injuries and death sustained as the result of an automobile accident allegedly caused by a defective, i.e., icy, highway. The dispositive issue is whether the plaintiff complied with the notice provisions of General Statutes § 13a-144.[1] We conclude that the plaintiff failed to provide timely and sufficient notice to the commissioner of transportation of her claim and thus was barred from bringing this action. We therefore affirm the trial court's judgment for the named defendant that was rendered on different grounds.[2]

The relevant facts are not disputed. On February 4, 1984, the plaintiff's decedent, Stephen Haddad, sustained injuries as a result of a one car accident on Route 33 in Wilton. Haddad subsequently died following medical treatment at the Norwalk Hospital.

On August 25, 1984, 203 days after the date of the accident, the plaintiff's attorney furnished the defendant commissioner of transportation, J. William Burns (commissioner), with notice that the plaintiff intended

[1] General Statutes § 13a-144 provides in pertinent part: "Any person injured in person or property through the neglect or default of the state . . . by means of any defective highway . . . or, in the case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."

[2] The issue the trial court committed to the jury was whether the allegedly defective condition of the highway was the sole proximate cause of the decedent's injuries and subsequent death. In view of our conclusion that the notice was defective, we need not address that issue.

to commence the present action pursuant to § 13a-144. In April, 1985, the plaintiff, Jeanne L. Warkentin, as administratrix of the estate of Stephen Haddad, commenced the present action under the defective highway statute alleging the commissioner's negligence in the maintenance of the roadway. The commissioner moved to strike the plaintiff's complaint on the ground that notice had not been provided to him within ninety days of the accident as required by § 13a-144. The trial court denied the motion concluding that the plaintiff had furnished proper notice because the ninety day period began on August 17, 1984, the date the Probate Court appointed a representative of the decedent's estate, rather than on February 4, 1984, the date of the accident.

In due course, the matter was tried to a jury. Prior to the matter's submission to the jury, the commissioner moved for a directed verdict, again placing in issue the timeliness of the plaintiff's notice. The trial court denied the motion. Thereafter, the jury returned a verdict in favor of the commissioner. The trial court subsequently denied the plaintiff's motion to set aside the verdict and rendered judgment for the commissioner. The plaintiff then appealed to the Appellate Court, and we thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

As a threshold matter, the commissioner asks us to consider whether the trial court should have concluded that the plaintiff's action was barred as a matter of law because the plaintiff had failed to give the required statutory notice. The plaintiff contends that she complied with the notice requirements for three reasons: (1) the commissioner received sufficient notice from third party sources within the ninety day period; (2) the notice requirements of § 13a-144 do not apply to wrongful death actions; and (3) the provisions of statutes dealing with the survival of actions, i.e., General Statutes

§§ 52-599[3] and 52-594,[4] extend the notice requirement of § 13a-144 to one year plus ninety days in cases involving death. We agree with the defendant.

I

The plaintiff first claims that written communications concerning the defective condition sent to the commissioner by a number of third party sources within ninety days of the accident provided all the information required by the statute.[5] The plaintiff further argues that the police report sent by the Wilton police department to the commissioner within the ninety day period also served to comply with the notice requirement. We disagree.

Section 13a-144 provides in relevant part that "[n]o such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner." The statute created a cause of action "wholly unauthorized by the common law." *Wethersfield* v. *National Fire Ins. Co.*, 145 Conn. 368, 371, 143 A.2d 454 (1958). Thus, the statutorily

[3] General Statutes § 52-599 provides in pertinent part: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person."

[4] General Statutes § 52-594 provides in pertinent part: "If the time limited for the commencement of any personal action, which by law survives to the representatives of a deceased person, has not elapsed at the time of the person's death, one year from the date of death shall be allowed to this executor or administrator to institute an action therefor."

[5] On February 17, 1984, State Representative Marilyn Roche sent the commissioner a letter discussing the details of Haddad's accident and subsequent death, and requesting that the commissioner give the defective condition of the highway his highest priority. Similar letters were sent to the commissioner by a Wilton resident on March 3, 1984, and by State Representative Christine Niedermeier on March 13, 1984. The defendant stipulated that he received all these letters within the ninety day period.

required notice is a "condition precedent to the cause of action." Id. If this requirement is not met, no cause of action exists. *Rapid Motor Lines, Inc.* v. *Cox,* 134 Conn. 235, 237, 56 A.2d 519 (1947). Moreover, " ' "[s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed . . . ." ' " *Berger, Lehman Associates, Inc.* v. *State,* 178 Conn. 352, 356, 422 A.2d 268 (1979), quoting *Spring* v. *Constantino,* 168 Conn. 563, 570–71, 362 A.2d 871 (1975).

The "requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts *upon which a claim for damages [is] being made."* (Emphasis added.) *LoRusso* v. *Hill,* 139 Conn. 554, 557, 95 A.2d 698 (1953); *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152 (1952); see *Murray* v. *Milford,* 380 F.2d 468, 473 (2d Cir. 1967). The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. *Morico* v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522 (1947). Sufficiency of the notice is to be tested with reference to the purpose of the notice, i.e., that a claim is being made. *Delaney* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 181, 99 A. 503 (1916).

We conclude that injured parties, to meet the requirements of the statute, must either individually or through a representative, notify the commissioner that they have filed or intend to file a claim against the state for damages caused by a defective condition. *LoRusso* v. *Hill,* supra; *Schaap* v. *Meriden,* supra; *Morico* v. *Cox,*

supra.[6] In this case, although the communications provided details about the accident, the injured party failed to notify the commissioner that a claim would be made.

## II

The plaintiff next argues that although § 13a-144 creates causes of action against the commissioner for personal injuries, property damage, or death as a result of a defective highway condition, the notice requirement only applies to the causes of action for personal injuries or property damage, but not to the causes of action for death. The plaintiff argues that because the language of the notice provision uses the term "injury," but not "death," this demonstrates a legislative intent that there be no notice requirement for causes of action for death under the statute. We conclude that the plain language of the statute dictates otherwise.

The language of the statute compels the conclusion that § 13a-144 requires notice in cases of both injury and death. The first sentence of the statute creates causes of action for both injuries to persons or property and death. The second sentence requires that "[n]o such action" shall be brought unless notice is given to the commissioner within ninety days of "injury." The use of the word "such" to modify "action" refers to the language in the preceding sentence, which creates causes of action for both injury and death. Contrary to the plaintiff's argument, the phrase "[n]o such action" refers to instances of both injury and death.[7]

---

[6] We do not decide that the notice must conform to any particular format. It must, however, reasonably construed, indicate (1) it is given by or on behalf of an injured party (2) who intends to claim damages.

[7] The plaintiff asks us to rely on case law from other jurisdictions to support her argument that notice is not required in causes of action for death. Our examination of those statutes that served as a basis for those decisions reveals that those statutes are textually significantly different from those of Connecticut.

Further, "[t]he fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *King* v. *Board of Education,* 203 Conn. 324, 332, 524 A.2d 1131 (1987), quoting *State* v. *Kozlowski,* 199 Conn. 667, 673, 509 A.2d 20 (1986). "Legislative intent is not to be found in an isolated sentence; the whole statute must be considered." *Gentry* v. *Norwalk,* 196 Conn. 596, 606, 494 A.2d 1206 (1985). "We can best reach the meaning here, as always, by recourse to the underlying purpose" of the statutory provision. Id., 606–607, quoting *Borella* v. *Borden Co.,* 145 F.2d 63, 64 (2d Cir. 1944), aff'd, 325 U.S. 679, 65 S. Ct. 1223, 89 L. Ed. 1865 (1945). " 'In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result.' " *King* v. *Board of Education,* supra, 332–33.

As discussed earlier, the purpose of the notice requirement is to notify the commissioner that a claim will be made against him so that the commissioner can make a timely investigation of the facts and circumstances of the accident in order to protect the state's interests. To read the statute the way the plaintiff proposes would distort the underlying purpose of the notice provision by requiring notice in cases involving damages to persons or property, but no notice in cases for damages on account of death. "A statute is not to be interpreted to thwart its purpose." *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 489, 400 A.2d 726 (1978). Since the purpose of the statute is to allow the commissioner to protect himself against claims, that protection should apply equally to claims for injury to persons or property and claims for death.

### III

The plaintiff next claims that although she brought an action pursuant to § 13a-144, provisions of the state

survival statutes extend the ninety day notice limitation of § 13a-144 to one year plus ninety days in cases involving death. The plaintiff argues that since the decedent had a cause of action for injuries before his death, that cause of action survived his death and could be pursued by the administratrix of his estate under General Statutes § 52-599. See footnote 3, supra. Further, the plaintiff argues that under General Statutes § 52-594; see footnote 4, supra; the ninety day time limitation for commencement of a personal action under § 13a-144 is extended by one year. The plaintiff contends that since her attorney provided satisfactory notice six months after the accident, notice was timely because it fell within the one year extension period. We disagree.

The ninety day notice provision in § 13a-144 is clear and unambiguous. The plaintiff must give the commissioner notice within ninety days of the date of injury in order to maintain an action under the statute. The statute makes no reference to any other statute or time limitation. Further, the plaintiff fails to cite any authority for the proposition that the survival statutes should be read into § 13a-144.[8] On the contrary, prior cases have uniformly held that in actions pursuant to § 13a-144, notice must be given to the commissioner within ninety days of the injury. See, e.g., *Kuchinski* v. *Burns,* 23 Conn. App. 198, 579 A.2d 585, cert. denied, 216 Conn. 826, 582 A.2d 204 (1990) (rejecting the plaintiff's argument that the ninety day period should run from the date of the appointment of the fiduciary).

"The primary rule of statutory construction is that [i]f the language of the statute is clear, it is assumed

---

[8] Both of the cases cited by the plaintiff, *Doucette* v. *Bouchard,* 28 Conn. Sup. 460, 265 A.2d 618 (1970), and *Leahy* v. *Cheney,* 90 Conn. 611, 98 A. 132 (1916), dealt with the extension of the statute of limitations for common law causes of action. Neither case dealt specifically with waiver of sovereign immunity statutes nor with the extension of notice of time limitations.

that the words themselves express the intent of the legislature . . . and thus there is no need to construe the statute . . . . *Anderson* v. *Ludgin,* 175 Conn. 545, 552, 400 A.2d 712 (1978)." (Internal quotation marks omitted.) *Lamb* v. *Burns,* 202 Conn. 158, 167, 520 A.2d 109 (1987). "Where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct. *Muha* v. *United Oil Co.,* 180 Conn. 720, 730, 433 A.2d 1009 (1980)." (Internal quotation marks omitted.) *Lamb* v. *Burns,* supra, 168.

Moreover, there is nothing in the language of § 52-594 that serves as a basis for extending its provisions to § 13a-144. Section 52-594, by its express language, extends the time limitation for instituting a lawsuit. It does not extend the time limitation for providing the statutory notice necessary as a condition precedent to the institution of a suit. The purpose of the notice is to allow the commissioner to make a timely investigation. Delaying notice for one year and ninety days would compromise the purpose of § 13a-144.

The judgment is affirmed.

In this opinion the other justices concurred.