[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the plaintiff's complaint seeking indemnification brought pursuant to the defective highway statute.
The plaintiff, Lockwood, Kessler Bartlett, Inc. (hereinafter "LKB"), filed a one-count second amended complaint on February 3, 1992, seeking indemnification from the defendant, the Commissioner of Transportation (hereinafter "defendant"), arising out of an automobile accident occurring on August 24, 1988. In its complaint, LKB alleges that it entered into a contract on or about June 10, 1988, with the defendant, to provide engineering services for the repair and improvement of Interstate 95 (hereinafter "I-95").
LKB alleges that on January 10, 1990, Robert Piccoro, a resident of the State of New York, brought suit against LKB for injuries he sustained in an accident on August 24, 1988, allegedly due to LKB's negligence in failing to take adequate safety measures while the repairs and improvements required under the contract were being performed. LKB alleges that if any negligence existed with regard to safety measures in the repair of I-95, it was the defendant who was negligent, rather than LKB.
LKB further alleges that this action is being brought pursuant to General Statutes 13a-144 and that proper written notice was given to the defendant by Robert Piccoro, in a letter dated October 13, 1988, and by LKB, in a letter dated April 6, 1990.
On February 14, 1992, the defendant filed a motion to strike the plaintiff's second amended complaint on the grounds that "(1) no statutory notice of the plaintiff's alleged claim was given within ninety days; (2) the statutory notice provided does not describe the injuries allegedly sustained; (3) the statutory notice provided does not adequately describe the place of occurrence; (4) the plaintiff is not a traveler on the highway and was not allegedly injured in its use of the highway; (5) the state has not consented to be sued for CT Page 7560 indemnification, and (6) the allegations of the plaintiff's complaint are inadequate as a matter of law to make out a cause of action under Connecticut General Statutes, section 13a-144." (Defendant's Motion to Strike). Along with his motion to strike, the defendant filed a supporting memorandum of law. LKB filed an objection to the motion to strike, together with a supporting memorandum of law on April 24, 1992. On May 15, 1992, the defendant filed a reply memorandum to LKB's objection.
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike "admits all facts well-pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985). Further, the court must construe the facts alleged in the complaint most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
In his memorandum of law in support of the motion to strike, the defendant argues that only an injured "traveler" may maintain an action under the defective highway statute. The defendant argues that because LKB is not an injured "traveler," it may not bring this action. LKB argues, in its memorandum of law, that there is not statutory requirement that the claimant be the actual traveler on the highway.
General Statutes 13a-144 provides in relevant part:
 Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair,. . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
"The statute created a cause of action `wholly unauthorized by the common law.'" (Citations omitted). Warkentin v. Burns, 223 Conn. 14, 17, A.2d (1992). "Morever, statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and CT Page 7561 not narrowed or destroyed" (Citations omitted; internal quotation marks omitted). Id., 18.
The Connecticut Supreme Court recently stated, in the context of a claim for loss of consortium, that General Statutes 13a-149 (the municipal defective highway statute[1]) permits recovery only by the injured `traveler.'" Sanzone v. Board of Police Commissioners, 219 Conn. 179, 199, 592 A.2d 912
(1991); see also Lacasse v. Burns, 6 C.T.L.R. 160, 163 (March 17, 1992, Burns, J.) (loss of consortium damages are not recoverable under General Statutes13a-144). "Further, `a spouse of the person who is actually injured while using the highway but who has not himself sustained personal injury or property damage may not recover consequential damages for medical expenses. . . resulting from such injury.'" Murphy v. Town of East Windsor, 5 C.T.L.R. 129, 131 (October 8, 1991, Hennessey, J.), quoting, Frenette v. Town of East Hartford, 9 Conn. Law Trib. 16-17 (Super. Ct., March 21, 1983, Hammer, J.). Similarly, a parent may not recover for the medical expenses of an injured child because the parent is not the injured "traveler." Murphy v. Town of East Windsor, supra.
The defective highway statute allows recovery for the injured "traveler" only. Like claims of loss of consortium and medical expenses, LKB's claims for indemnification is based not on its own injury as a traveler on the highway, but rather, that of a third party. Because LKB is not an injured "traveler," its claim for indemnification is impermissible.
As noted above, the defendant cites numerous other grounds in support of his motion to strike. Nevertheless, because the defendant's claim that the complaint should be stricken on the ground that LKB is not an injured "traveler" is dispositive, the court need not address the defendant's remaining arguments. Accordingly, the defendant's motion to strike LKB's complaint is granted.
MARY R. HENNESSEY, J.