[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: COMPLIANCE WITH AND CONSTITUTIONALITY OF PREJUDGMENT ATTACHMENT STATUTE
The facts as alleged in the complaint are as follows. On January 28, 1986, the defendant, Kalman A. Sachs ["Sachs"], executed a note whereby Sachs promised to pay the plaintiff, Connecticut Savings Bank ["CSB"], on demand $150,000.00 with interest. On July 26, 1991, CSB made written demand on Sachs for payment in full of the principal and interest due under the note. Sachs, however, failed to pay in accordance with said demand.
On August 8, 1991, CSB, as a result of Sach's failure to pay, filed a one-count complaint against the defendant seeking payment of all debts due and owing. On the same date, the attorneys for CSB issued and secured prejudgment attachments of certain property of the defendant pursuant to General Statutes52-278f, as amended by Conn. Public Acts No. 91-315 (1991). On September 9, 1991, CSB filed an affidavit in support of its prejudgment attachment.
On September 10, 1991, Sachs filed a motion to dissolve the prejudgment attachments on the grounds that (1) 52-278f is unconstitutional; and (2) that the plaintiff failed to satisfy the requirements of 52-267f.[1]
On November 14, 1991, the FDIC took possession of the assets of CSB. On December 13, 1991, the FDIC, as receiver of CSB, removed this state action to the United States District Court for the District of Connecticut, and the FDIC was substituted for CSB as the plaintiff. On August 6, 1992 this CT Page 1121-L action was remanded to this court. Subsequently, prior to a hearing, the action was remanded to this court.
The first ground upon which the defendant moves to dissolve the prejudgment attachment is that General Statutes52-278f is unconstitutional. To date, neither the supreme court nor the appellate court has addressed the issue, and there is a division among the superior courts as to the constitutionality of 52-278f. The majority of courts, however, have held that the statute is constitutional. Connecticut National Bank v. Rieck, 6 CTLR 527 (June 9, 1992, Dorsey, J.); Connecticut National Bank v. Consignment Marketplace, Inc., 6 CTLR 54 (February 19, 1992, Dorsey, J.); Rhode Island Hospital Trust v. Klenin, 4 Conn. L. Rptr. 400
(August 16, 1991, Dunn, J.); Country Lumber, Inc. v. Sam's,3 Conn. L. Rptr. 414 (April 4, 1991, Schaller, J.); Connecticut National Bank v. Cooke, 3 Conn. L. Rptr. 412 (March 22, 1991, Dunnell, J.). However, one court has held that General Statutes 52-278f is unconstitutional. People's Bank v. Pepburn, 3 Conn. L. Rptr. 212 (February 6, 1991, Pickett, J.).
In Country Lumber, Inc. v. Sam's, supra, the court stated that "`[t]he due process rights to notice and hearing prior to a civil judgment are subject to waiver.'" Id., 415, quoting D.H. Overmyer Co., Inc. v. Frick Co., 405 U.S. 174, 185
(1972). The court found that although 52-178f "provides for the possibility of waiving notice and the initial hearing, [it] does not preclude the defendants from requesting the court to dissolve or modify the attachment . . ." Id. The court went on to hold that because "[t]he defendants were given the opportunity to be heard but waived that right;" id., 52-278f
does not violate due process and is constitutional. Clearly "the more persuasive authority is that which holds 52-278f
constitutional on the ground that one may waive due process rights." Connecticut National Bank v. Rieck, supra, 528, citing Rhode Island Hospital Trust, supra; Connecticut National Bank v. Consignment Marketplace, Inc., supra. Accordingly, the motion to dissolve the attachment on the ground that General Statutes 52-278f is unconstitutional is denied.
In addition, the defendant moves to dissolve the prejudgment attachment on the ground that the plaintiff failed to satisfy the requirements of 52-278f. Section 52-278f
provides that: CT Page 1121-M
 [i]n an action upon a commercial transaction . . . wherein the defendant has waived his right to a notice and hearing under sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that (1) the complaint shall set forth a copy of the waiver; (2) the plaintiff shall file an affidavit . . . setting forth a statement of facts sufficient to show probable cause . . .; and (3) the plaintiff shall include in the process served on the defendant a notice satisfying the requirements of subsection (b) of section 52-278e.
(Emphasis added.) General Statute 52-278f.
The defendant argues that the plain language of52-278f requires that the sworn affidavit be filed before the issuance of the writ of attachment and prior to the time that any attachment is made. In opposition, the plaintiff argues that it is not required to file the affidavit until the return date.
"`The fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature.'" (Citations omitted.) Warkentin v. Burns,223 Conn. 14, 20, ___ A.2d ___ (1991). "`The primary rule of statutory construction is that if the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature . . . and thus there is no need to construe the statute . . . .'" Id., quoting Lamb v. Burns,202 Conn. 157, 167, 520 A.2d 109 (1987). "`Where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct.'" Id., quoting Lamb, supra, 168.
"Prejudgment remedies by way of attachment and garnishment were unknown to the common law, therefore, the authorizing statutes must be strictly construed." (Citations CT Page 1121-N omitted.) Norwalk Bank v. Tomborello, 6 CTLR 505, 506 (June 4, 1992, Spear, J.). Thus, "[t]he filing of the affidavit, by a plain reading of the statute, must be done when the process is returned to court . . . ." Id. Since the plaintiff filed the affidavit when the process was returned to court, compliance with the requirements of General Statutes 52-278f has been effected, and the motion to dissolve on this ground is denied.
Clarance J. Jones Judge