[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants, Carrie Durrant and Patricia Leary, have moved for summary judgment as to the cross claim filed by the defendant Janet Farrar Royce on the ground that the cross claim is barred the applicable statute of limitations.
FACTUAL BACKGROUND
The minor plaintiff in this case, Jill Ruocco, brings this CT Page 10188 action through her parent and next friend, her father John Ruocco, for personal injuries suffered as a result of a two vehicle automobile accident which occurred June 28, 1990. On June 30, 1992 the plaintiff filed a complaint naming Carrie Durrant and Patricia Leary as defendants. Leary was the owner and Durant the operator of the vehicle in which the plaintiff was a passenger when she was injured. On August 3, 1992, the defendants filed a motion to add Janet Royce Farrar as a party defendant, pursuant to General Statutes 52-102. The defendants claimed that Royce was a necessary party because she was the operator of the other automobile that was involved in the accident, that the accident was actually Royce's fault, and that it was therefore necessary to add her as a party defendant for a complete determination of liability. This motion was granted by the court (Maiocco, J.) on August 17, 1992.
As part of this motion, however, the defendants Leary and Durrant also requested permission to file a cross complaint against Royce. This original cross complaint alleged that the accident was Royce's fault and that any injuries suffered by the plaintiff were thus the responsibility of Royce. In its prayer for relief, this cross-claim sought apportionment of liability and contribution. On October 26, 1993, Leary and Durrant filed an amended cross claim, deleting their claim for contribution.
On April 27, 1993, Royce filed a cross-claim against Leary and Durrant seeking money damages for Royce's injuries suffered in the accident, alleging that the accident was caused by Durrant's negligence. Leary and Durrant answered that cross claim and interposed a special defense alleging the lapse of the applicable statute of limitations, General Statutes 52-584.[1] They have now filed a motion for summary judgment arguing that 52-584 bars Royce's action. Royce objects to the motion, and contends that52-584 does not apply because her claim is a counterclaim and counterclaims are excluded from the time requirements of 52-584.
LEGAL DISCUSSION
Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Nardi v. AA Electronic Security Engineering, Inc., 32 Conn. App. 205, 209 (1993). The court must view the evidence in the light most favorable to the nonmoving CT Page 10189 party. Op. cit.
The court is presented here with that rare circumstance where there is no dispute as to any material fact; the resolution of the motion for summary judgment turns solely on a legal question, to wit, whether Royce's cross claim is a valid counterclaim and thus not subject to the time constraint imposed by 52-584. No party disputes that if such is not the case, then Royce's complaint filed in April of 1993 is outside the two year period provided for in52-584 for an accident alleged to have occurred in June of 1990.[2]
Fortunately, it is not necessary for the court to untangle the procedural irregularities which exist in order to address the. motion for summary judgment. "The rules of statutory construction apply with equal force to Practice Book rules." (Citation omitted.) State v. Charlton, 30 Conn. App. 359, 364 (1993). And it is axiomatic that "when a statute [or rule of practice] is clear and unambiguous, there is no room for construction." Op. cit. Practice Book 116 states that "any defendant may file counterclaims against any plaintiff and cross claims against any codefendant. . . ." (Emphasis added.) See also Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 160 (1983) ("a counterclaim is a cause of action existing in favor of the defendant against the plaintiff.") (Emphasis added.)
Practice Book 116 is clear and unambiguous. In our practice, a defendant cannot, by definition, file a counterclaim against another defendant. Such an action is a cross claim. And General Statutes 52-584 is equally as clear and unambiguous in providing that the time limit contained therein always applies "except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed." (Emphasis added.) "Where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." (Citations omitted.) Warkentin v. Burns, 223 Conn. 14, 22 (1992). This statute's plain and unambiguous words direct that an exception to the time requirement be allowed for counterclaims, but makes no such corresponding provision for cross claims. Absent authority to the contrary, the court cannot construe the term "counterclaims" to include "cross claims."
The defendant Royce cannot, as a matter of law, file a counterclaim against Leary and Durrant, defendants in the original action, and cannot therefore take advantage of the counterclaim CT Page 10190 exception in 52-584. Therefore, because Royce's cross claim was filed more than two years after the act or omission complained of, it is barred by General Statutes 52-584. Accordingly, Leary and Durrant's motion for summary judgment on Royce's cross claim must be granted.
CONCLUSION
Based on the foregoing, the defendants' motion for summary judgment as to the cross claim filed by the defendant Janet Farrar Royce is granted.
So ordered.
Michael Hartmere, Judge