[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS'
MOTION TO STRIKE COUNTS
The defendants have moved to strike the second and fourth counts of an amended complaint on the claim that each count fails CT Page 11452 to state a cause of action.
This action arises out of an automobile accident in which the plaintiff operator, Marianna Lombardo, claims she suffered injuries when her vehicle, owned by her husband, the plaintiff, William R. Lombardo, was struck by a vehicle operated by Charles B. Norman and owned by the defendant, Elizabeth B. Norman.
The first count alleges several acts of negligence, including, inter alia, violations of the provisions of General Statutes 14-218a and 14-222. The second count alleges a deliberate or reckless disregard of the provisions of General Statutes 14-218a and driving recklessly in violation of the provisions of General Statutes 14-222. Under this count the plaintiffs seek double or treble damages pursuant to General Statutes 14-295. The third count seeks damages for the plaintiff, William R. Lombardo's loss of consortium due the negligence alleged in the first count. In the fourth count, the plaintiff William R. Lombardo, claims double or treble damages for loss of consortium for the reckless or deliberate violations of the statutes alleged in the second count.
The defendants have, as to the fourth count, additionally alleged that General Statutes 14-295, while specifically providing for a derivative claim for wrongful death, makes no such statutory provision for the derivative claim of loss of consortium. Therefore, loss of consortium is not a legally sufficient claim for relief under General Statutes 14-295, citing Lane v. Post, 7. Conn. L. Rptr. No. 8, 230 (September 14, 1992). The plaintiffs have conceded the validity of this ground and have consented to the striking of this fourth count.
It is the defendants' claim that all of the counts in the amended complaint contain the same factual allegations. However, the first count characterizes the defendant operator's conduct as negligent, while the second count characterizes the same acts as "deliberate" or "with reckless disregard." Although each count alleges a violation of the statutes, 14-218a and 14-222, the second count adds only that the statutory violations were substantial factors in causing the plaintiff's injuries and damages. The defendants note that the second count contains no factual allegations of intentional misconduct or recklessness, but simply incorporate the negligence allegations of the first count, then state the recklessness/intentional claims as legal conclusions. CT Page 11453
In the first count, allegations of negligence because of violations of General Statutes 14-118a and 14-222 are asserted as follows:
. . .
 15. The injuries of the plaintiff Marianna Lombardo were caused by the defendant Charles B. Norman in that he operated the automobile he was driving in a negligent and careless manner in one or more of the following ways:
. . .
 b) in that he operated his motor vehicle at a rate of speed which was greater than reasonable, having regard for the width, traffic and use of said highway and the intersection of streets and other conditions then and there prevailing, in violation of Section 14-218a of the Connecticut General Statutes;
 c) in that he operated his vehicle recklessly having regard to the width, traffic and use of said highway, the intersection of streets and other conditions then and there prevailing, in violation of Section 14-222 of the Connecticut General Statutes;
. . .
The pertinent paragraphs in the second count read:
 16. The defendant Norman operated the vehicle that he was driving deliberately and/or with reckless disregard of provision 14-218a of the Connecticut General Statutes, in that he was traveling at a rate of speed greater than was reasonable, having regard for the width, traffic and use of the public highway he was on, as was evidenced by his inability to maintain control of his vehicle and/or stop in time to avoid hitting the vehicle that Marianna Lombardo was driving when he made a left turn across the lane in which she was driving, and this violation by the defendant was a substantial factor in causing injuries or damage to Marianna Lombardo.
17. Defendant Norman operated the vehicle that he CT Page 11454 was driving recklessly in violation of provision 14-222 of the Connecticut General Statutes, having regard to the width, traffic and use of the public highways he was on, as was evidenced by his inability to maintain control of his vehicle and/or stop in time to avoid hitting the vehicle Marianna Lombardo was driving when he made a left turn across the lane in which he was driving, and this violation was a substantial factor in causing injuries or damage to Marianna Lombardo.
The defendants assert that since this second count contains no factual allegations to support a claim that the defendant knew his conduct would cause the plaintiff to be injured, it fails to adequately state a cause of action for intentional misconduct. Furthermore, the defendants assert this count lacks factual allegations to permit a conclusion that the defendant recognized his conduct involved a risk of injury which was substantially greater than that which is necessary to make his conduct negligent. Therefore, it fails to state a claim for reckless conduct sufficient to withstand a motion to strike.
The statute under which the plaintiffs claim to be pleading the second count reads as follows:
 14-295. Double or treble damages for persons injured as a result of certain traffic violations.
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
This court is persuaded that the analysis offered by Judge Higgins in Allan M. Spencer v. Richard King, 10 Conn. L. Rptr. No. 2, 48 (October 18, 1993), is correct and adopts that reasoning, to wit:
 Plaintiff brings this action against the defendant alleging that the defendant caused an automobile accident in which the plaintiff suffered injuries. The first count CT Page 11455 sounds in negligence, while the second count alleges recklessness and seeks double and treble damages pursuant to General Statutes 14-295. The defendant now seeks to strike the recklessness count and the claim for double and treble damages on the ground that the plaintiff has not sufficiently pled a cause of action for recklessness. The plaintiff objects to the motion.
 It is generally true that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Brock v. Waldron, 127 Conn. 79, 81 (1940). A number of superior court decisions have therefore stricken a claim for double or treble damages under 14-295 because "there is no factual basis to support a claim for recklessness." Comparone v. Cooper, 7 Conn. L. Rptr. No 9, 262, 263 (September 21, 1983) (Lewis, J.). See also, Lezotte v. Hanover Ins. Co., 8 Conn. L. Rptr. No 6, 199, 200, February 8, 1993) (Sylvester, J.); Varlese v. Beers, 3 Conn. L. Rptr. 474 (1991) (Sullivan, J.). "The plaintiff has merely reiterated [his] facts from [his] negligence count and inserted the word reckless . . ." Lezotte, supra.
 The cases cited by those courts as authority, however, were dealing with common law actions; see, e.g., Dubay v. Irish, 207 Conn. 518 (1988); and in those instances it is clearly necessary to plead a cause of action grounded in recklessness separate and distinct from a negligence action. General Statutes 14-295, on the other hand states explicitly that, "the trier of fact may award double or treble damages if the injured party has specifically pleaded that another parry has deliberately or with reckless disregard operated a motor vehicle in violation of" certain statutory sections. This statute does not require the same specificity of pleading which is required to support a cause of action predicated on recklessness. "When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." (Citations omitted). Warkentin v. Burns, 223 Conn. 14, 22 (1992). The statute here could not be any more plain or unambiguous about what a plaintiff must plead and should accordingly be applied as its words direct. The court should not "torture the words or sentence structure of a statute . . . to import an CT Page 11456 ambiguity where the ordinary of the language leaves no room for it. (Citations omitted). State v. Genotti, 220 Conn. 796
(1992).
 General Statutes 14-295 requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages. The plaintiff here has pled that the defendant with reckless disregard, operated his motor vehicle in violation of General Statutes 14-218a and 14-222, two of the sections enumerated in 14-295. He has therefore, sufficiently pled his entitlement to multiple damages under General Statutes 14-295, and the motion to strike the prayers for relief and claims of recklessness are therefore denied.
Accordingly, the motion to strike the fourth count and the prayer for relief thereunder is granted; but the motion to strike the second count and the prayers for relief thereunder is denied.
NIGRO, J.
CT Page 1