[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OM [ON] DEFENDANTS' MOTION TO STRIKE
The plaintiff, Anne Marie Guinta, has filed a two count complaint against the defendants, Sharon L. Beverly and Ruby Beverly. The claim arises out of a motor vehicle accident in which Guinta claims that she suffered injuries when her vehicle was struck by a vehicle operated by Sharon L. Beverly and owned by Ruby Beverly.
The first count alleges negligence. The second count incorporates the allegations of the first count in toto and adds the following:
"11. The damages and injuries hereinafter more specifically set forth were caused as a direct and proximate result of the recklessness of the defendant, Sharon L. Beverly, in one or more of the following respects:
 a. She operated the vehicle at an unreasonable rate of speed with due regard to the width, traffic and use of the highway in violation of C.G.S. 14-236
or;
 b. She failed to properly yield to the traffic control signal in violation of C.G.S. Section 14-218a."
The defendants have filed a motion to strike the plaintiff's prayer for relief claiming double or treble damages under the second count pursuant to General Statutes § 14-295 on the ground that the prayer for relief is legally insufficient because the allegations of the complaint do not satisfy the requirements of § 14-295.
A motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. Westport Bank Trust Co. v. Mallin, Corcoran, Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
CT Page 2090 (1992). A party moving to strike a prayer for relief should prevail if, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4,478 A.2d 257 (1984).
The statute under which the plaintiff claims authority to seek the double or treble damages for the allegations in the second count reads as follows:
 14-295. Double or treble damages for persons injured as a result of certain traffic violations.
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239
or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
While this court believes that General Statutes § 14-295
"does not require the same specificity of pleading which is required to support a cause of action predicated on [common law], recklessness." Lombardo v. Norman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 127305 (December 27, 1993, Nigro, J.), quoting Spencer v. King,10 Conn. L. Rptr. 48 (October 18, 1993, Higgins, J.).
Nonetheless, "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." (Citations omitted). Warkentin v. Burns, 223 Conn. 14, 22
(1992). The statute here could not be any more plain or unambiguous about what a plaintiff must plead and should accordingly be applied as its words direct. The court should not "torture the words or sentence structure of a statute . . . to import an ambiguity where the ordinary of the language leaves no room for it. (Citations omitted)." State v. Genotti, 220 Conn. 796
(1992).
Unlike the pleadings in Lombardo v. Norman and Spencer v.CT Page 2091King, supra, the plaintiff has not pleaded that [Beverly] hasdeliberately or with reckless disregard violated any of the enumerated statutes under § 14-295. (Emphasis added.) The terms "deliberately" or "with reckless disregard" must be specifically pleaded (and therefore proven) under § 14-295.
Moreover, the plaintiff's allegation that her injuries "were caused as a direct and proximate result of the recklessness of the defendant . . ." does not track the mandatory language of § 14-295 requiring that "such violation was a substantial factor in causing such injury. . . ."
Parenthetically, the plaintiff's statutory references to §§ 14-236 and 14-218a, as set forth in the second count, appear to be incorrect. The allegation in paragraph "a." should refer to § 14-218a. To the extent that the allegation in paragraph "b." addresses a traffic control signal, the pertinent statute would be § 14-299. This latter allegation and statute, if that be the claim intended, is not enumerated in § 14-295.
In conclusion, under the allegations in the second count of the complaint, the relief sought pursuant to General Statutes § 14-295 cannot be legally awarded to the plaintiff because the plaintiff has not specifically pleaded in accordance with the "plain and unambiguous" language of § 14-295. The defendants' motion to strike the plaintiff's prayer for relief requesting double or treble damages pursuant to § 14-295 is granted.
NIGRO, J.