[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiffs, Nancy and Douglas Degray, have commenced this action against the defendants, William Sullens, Ryder Truck Rental, Inc. and American Aluminum and Insulation, for damages sustained by the plaintiffs as a result of a motor vehicle accident allegedly caused by the defendant William Sullens in his operation of the rental vehicle. The complaint is in two counts. The first count sounds in negligence and alleges that Nancy Degray's, injuries were caused by various acts of negligence committed by the driver of the vehicle, William Sullens. The first count also alleges that the defendant's conduct was reckless and in violation of General Statutes § 14-222. The plaintiffs' allegation of reckless operation is intended to trigger double or treble damages under General Statutes § 14-295.
Defendants seek to strike plaintiffs' prayer for relief which, along with claiming "monetary damages in excess of $15,000, claims `double or treble damages', pursuant to the provisions of section 14-295, C.G.S." CT Page 5822
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading." Westport Bank Trust Co. v.Concoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 682 (1992). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The defendants move to strike the plaintiffs' prayer for relief on the ground that the plaintiffs have failed to allege sufficient facts to support a claim for reckless misconduct.
The defendants argue in their memorandum of law that the plaintiffs' complaint fails to state a cause of action for recklessness because the plaintiff does not allege additional facts, beyond those recited to support a cause of action for negligence, that is, such facts as would be required to support a cause of action for reckless misconduct. They claim that it is not enough for the plaintiffs to allege that the defendant Sullens was reckless simply because he violated section 14-222, one of the statutory sections enumerated in General Statutes § 14-295. Defendants argue that the plaintiffs must allege specific conduct that rises to the level of recklessness, together with evidentiary facts that support or distinguish the allegations of reckless conduct from the allegations of negligence. Absent such allegations, the plaintiffs' complaint cannot support a claim for reckless misconduct nor a prayer for double or treble damages pursuant to General Statutes § 14-295.
The plaintiffs claim that General Statutes § 14-295 reflects a legislative judgment making the intentional or reckless violation of certain statutes per se subject to enhanced damages without regard to whether the substantive conduct standing alone would constitute recklessness. They contend that since the complaint alleges that the defendant recklessly operated his vehicle in violation of General Statutes § 14-222 nothing more is required to entitle the plaintiffs to seek enhanced damages under § 14-295.
General Statutes § 14-295 provides in part:
In any civil action to recover damages CT Page 5823 resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a . . . 14-222 . . . and that such violation was a substantial factor in causing such injury, death or damage to property.
"An award of double damages is appropriate when the defendant has deliberately or with reckless disregard violated one of the statutes to which § 14-295 refers." Bishop v. Kelly, 206 Conn. 608,614, 539 A.2d 108 (1988). In Connecticut, the courts are split on the issue of whether a plaintiff must plead facts which support a claim of reckless conduct in addition to pleading that a specific statutory section enumerated by § 14-295 has been violated.
A number of cases addressing this issue have interpreted § 14-295 to require more than the simple pleading that the defendant has violated one or more of the statutory sections enumerated in § 14-295. These cases have adopted the position that a plaintiff must allege sufficient facts that will inform a defendant of those acts which it claims were reckless. See Brock v. Waldron, 127 Conn. 79,14 A.2d 713 (1940). Under this line of cases "[when] considering motions to strike counts that allege reckless or deliberate violations of the statutes cited [in General Statutes § 14-295] courts have consistently granted the motions where the plaintiff fails to set forth specific allegations that describe conduct that is alleged to have risen to the level of recklessness." Fisher v.Irby, Superior Court judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.). Brock v.Waldron, supra at 79.
In contrast, courts have held that a plaintiff merely has to allege that a defendant has violated one of the statutory provisions outlined in General Statutes § 14-295. Under General Statutes § 14-295 "the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of [certain statutory sections]." Spencer v.King, 10 Conn. L. Rptr. 48, 49 (September 16, 1993, Higgins, J.). Under this view, double and treble damages may be awarded if a plaintiff merely pleads that a violation of such section has been CT Page 5824 committed. Id. "This statute does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Id. In Spencer, where the court denied the defendant's motion to strike, the court stated "[t]he plaintiff here has pled that the defendant with reckless disregard, operated his motor vehicle in violation of General Statutes § 14-218a and 14-222 . . . He has, therefore, sufficiently pled his entitlement to multiple damages under General Statutes § 14-295, and the motion to strike the prayer for relief and claims of recklessness are therefore denied." Id.
Courts following the reasoning in Spencer, supra, have said that "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." (Citations omitted). Warkentin v. Burns, 223 Conn. 14, 22, 610 A.2d 1287
(1992); See also Cherry v. ABF freight Systems, Inc., Superior Court judicial district of New Haven at New Haven, Docket No. 0354865 (June 29, 1994, Hartmere, J.); Lombardo v. Norman, Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No. 0127305 (December 27, 1993, Nigro, J.).
In distinguishing common law actions from statutory violations courts have said "in those instances [common law actions] it is clearly necessary to plead a cause of action grounded in recklessness separate and distinct from a negligence action."Spencer v. King, supra at 48.
The plaintiffs in the present case, have alleged in the first count of the complaint that the accident was caused by the defendant, William Sullens', negligent and reckless conduct in that he negligently operated his vehicle in violation of both statutory and common law standards, and that "he" operated the vehicle he was driving in a reckless manner having due regard for traffic and use of the highway in violation of section 14-222 C.G.S." "General Statutes § 14-295 requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages." Lombardo v.Norman, Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No. 0127305 (December 27, 1993, Nigro, J.). The plaintiff in the present case has pled that the defendant, in a reckless manner, operated his motor vehicle in violation of General Statutes § 14-222, one of the sections enumerated in § 14-295.
Clearly, in order to receive double or treble damages from the CT Page 5825 trier, the plaintiffs will have to prove by a preponderance of the evidence that the defendant operated recklessly.
 "Such proof will require evidence different from and separate and distinct from evidence of negligent operation:
 `Recklessness' [or reckless disregard] is a state of consciousness with reference to the consequence of one's acts. it requires a conscious choice of a course of action either with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent."
(Citations omitted). Shieman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 45 (1985).
It remains to be seen whether the plaintiffs will satisfy their burden of proof in this regard; however, they are entitled to plead reckless operation and to seek double or treble damages pursuant to section § 14-295.
The defendants' motion to strike the claim for relief under section 14-295 is denied.
Skolnick, J.