[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: TEMPORARY INJUNCTION
Plaintiff (State) brings this action for a temporary injunction to enjoin the defendant (BAC) from further prosecution of any claims against the State before the American Arbitration Association (AAA).
FACTS
On or about January 3, 1992 BAC and the State entered into a contract regarding a project to replace the Route 10 bridge over the Quinnipiac River in Southington, CT.
Work on the project was begun and because of possible differing site conditions BAC had to change the design of a cofferdam.
On or about August 3, 1995, BAC prepared and submitted to State an analysis dated July 21, 1995 of the damages it allegedly sustained as a result of the alleged differing site conditions.
This was accompanied by letter referring to the analysis as being for a change order.
On January 18, 1996 the contract work was accepted by the State. CT Page 10605
On or about November 12, 1996, BAC filed a demand for arbitration ("Demand") with the AAA to arbitrate/mediate the damages claimed to result from the alleged differing site conditions.
Sometime between December 11, 1996 and December 26 1996, Assistant Attorney General Lawrence Russ telephoned BAC's counsel, Attorney Egan, and advised him that the Demand was not filed in accordance with Conn. Gen. Stat. § 4-61. Attorney Russ advised Attorney Egan that the six-month waiting period provided by Conn. Gen. Stat. § 4-61, which prevents an arbitration or hearing on the merits from commencing for 6 months, would not begin to run until such time as a proper demand had been filed.
On December 26, 2996, BAC filed a Supplemental Demand for arbitration ("Supplemental Demand") for damages from the alleged changed site conditions on the Project.
On January 20, 1997, BAC attempted by letter to give notice to the Commissioner of Transportation of its Supplemental Demand. The Commissioner at that time was J. William Burns and as such the "agency head." Burns retired at the end of January 1997.
BAC had previously expressed to the State's representatives BAC's desire for mediation of its claim. On May 28, 1997 BAC advised the State and the AAA that it no longer was interested in mediation and would like to proceed with arbitration as soon as possible.
On June 6, 1997, the Attorney General's Office advised the AAA that it was the State's position that the Supplemental Demand dated December 26, 1996 and filed on behalf of BAC against the State did not comport with the requirements of Conn. Gen. Stat. § 4-61(b). The State refused to participate in any proceedings with the AAA until such time as a proper demand had been filed.
State claims that BAC's Supplemental Demand fails to satisfy the statutory provisions of Conn. Gen. Stat. § 4-61 (b) in the following respects:
1. It does not include the amount of damages. CT Page 10606
 2. The notice of claim which BAC asserts was given to the State was provided on January 20, 1997, subsequent to the filing of the Supplemental Demand with the AAA.
 3. It does not indicate when the Agency head was provided with statutory notice of the claims.
 4. It does not provide the dates when the contract was executed or the work was accepted; those omissions, in effect, constitute a failure to allege facts showing that the arbitration was commenced within the appropriate time period.
As a result State claims that the defendant AAA has no subject matter jurisdiction over BAC's claims and no power to administer hearings involving this matter. Plaintiff notified both defendants of this and refused to arbitrate. On June 25, 1997 AAA requested the State to choose arbitrators for the action within ten days or the AAA would choose them for the State.
On July 1, 1997, BAC sent a letter to the Commissioner of Transportation entitled "Confirming Notice of Claim," attaching a document entitled "Confirming Demand for Arbitration" ("Confirming Demand"). The State concedes that this was notice to the head of the agency. The Confirming Demand asserts that notice of a claim was provided to a "duly designated agent of the Commissioner of the Department of Transportation".
The factual basis of the claim was not given to the "agency head of the department administering the contract".
On July 7, 1997 the State had asked for an injunction against BAC and AAA.
On July 9, 1997, at the request of BAC, the AAA demanded that the State proceed with the arbitration proceedings and choose arbitrators within seven (7) days.
When plaintiff's Application for Injunction and Order to Show Cause was returned from the sheriff, the plaintiff did not file it with the Court. State then presented to the Court the present application seeking an immediate injunction and stay of the arbitration proceedings pending a hearing on the temporary injunction. CT Page 10607
There is no evidence that Commissioner Burns was ever aware of the claim or had notice of it.
At the end of January 1997 Mr. Sullivan became the Commissioner of Transportation.
LAW
 I. Subject Matter Jurisdiction
Defendant BAC's claim to jurisdiction stems from Connecticut General Statutes § 4-61 which in pertinent part reads as follows:
 Sec. 4-61. Actions against the state on highway and public works contracts. Arbitration. (a) Any person, firm or corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, for the design, construction, construction management, repair or alteration of any highway, bridge, building or other public works of the state or any political subdivision of the state may, in the event of any disputed claims under such contract or claims arising out of the awarding of a contract by the Commissioner of Public Works, bring an action for the purpose of having such claims determined, provided notice of each such claim under such contract and the factual basis for each such claim shall have been given in writing to the agency head of the department administering the contract within the period which commences with the execution of the contract or the authorized commencement of work on the contract project, whichever is earlier, and which ends two years after the acceptance of the work by the agency head evidenced by a certificate of acceptance issued to the contractor or two years after the termination of the contract, whichever is earlier. No action on a claim under such contract shall be brought except within the period which commences with the execution of the contract or the authorized commencement of work on the contract project, whichever is earlier, and which ends three years after the termination of the contract, whichever is earlier. Issuance of such certificate of acceptance shall not be a condition precedent to the commencement of any action. Acceptance of an amount offered as final payment shall not preclude any person, firm or corporation from bringing a claim under this section. Such action shall be tried to the court without a jury. All legal defenses except governmental immunity shall be reserved to the state. In no event shall interest be CT Page 10608 awarded under section 13a-96 and section 37-3a by a court or an arbitrator to the claimant for the same debt for the same period of time. Interest under section 37-3a shall not begin to accrue to a claimant under this section until at least thirty days after the claimant submits a bill or claim to the agency for the unpaid debt upon which such interest is to be based, along with appropriate documentation of the debt when applicable. Any action brought under this subsection shall be privileged in respect to assignment for trial upon motion of either party.
 (b) As an alternative to the procedure provided in subsection (a) of this section, any such person, firm or corporation having a claim under said subsection (a) may submit a demand for arbitration of such claim or claims for determination under (1) the rules of any dispute resolution entity, approved by such person, firm or corporation and the agency head and (2) the provisions of subsections (b) to (e), inclusive, of this section, except that if the parties cannot agree upon a dispute resolution entity, the rules of the American Arbitration Association and the provisions of said subsections shall apply. The provisions of this subsection shall not apply to claims under a contract unless notice of each such claim and the factual basis of each claim has been given in writing to the agency head of the department administering the contract within the time period which commences with the execution of the contract or the authorized commencement of work on the contract project, whichever is earlier, and which ends two years after the acceptance of the work by the agency head evidenced by a certificate of acceptance issued to the contractor or two years after the termination of the contract, whichever is earlier. A demand for arbitration of any such claim shall include the amount of damages and the alleged facts and contractual or statutory provisions which form the basis of the claim. No action on a claim under such contract shall be brought under this subsection except within the period which commences with the execution of the contract or the authorized commencement of work on the contract project, whichever is earlier, and which ends three years after the acceptance of the work by the agency head of the department administering the contract evidenced by a certificate of acceptance issued to the contractor or three years after the termination of the contract, whichever is earlier. Issuance of such certificate of acceptance shall not be a condition precedent to the commencement of any action.
 (c) Once a notice of claim is given to the agency head as required by subsection (b) of this CT Page 10609 section, each party shall allow the other to examine and copy any nonprivileged documents which may be relevant either to the claimant's claims or to the state's defenses to such claims . . .
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Shea v. First Federal Savings Loan Assn. of New Haven, 184 Conn. 285, 288. This rule holds true of administrative agency proceedings. Castro v. Viera,207 Conn. 420, 428.
To determine what the statute in question means in regard to subject matter jurisdiction it is the court's duty to give effect to the apparent intent of the legislature.
In 1991 by Public Act 91-284 the legislature deliberately changed the notice rule from notice to the "department" to notice to "the agency head of the department."
Our statute in subjection (a) requires in one place that claims be submitted "in writing to the agency head"; in two places that acceptance of the work be "by the agency head"; and that the claimant submit "a bill or claim to the agency head." In subsection (b) which provides for arbitration the rules of dispute resolution are to be approved by the agency head; notices of claims shall be given in writing to the agency head; and twice acceptance of work is required to be by the agency head.
The legislature does not do that very often and certainly not that thoroughly. The statute is not ambiguous. Notice of claims is to be given in writing to the agency head. It was not so given.
The next question is whether or not this is simply a "personal notice" requirement or general notice. A statutory personal notice does not implicate jurisdiction but a general notice requirement does. Lauer v. Zoning Commission,220 Conn. 455, 461-462. When we compare this statute with Connecticut General Statutes § 13a-144 which allows action against the commissioner of transportation we see that although notice is to be given "to the commissioner" suit within the notice period will satisfy that requirement. CT Page 10610
II. Waiver
Only the legislature can waive the state's defense of sovereign immunity and that is to be done by statute. Berger,Lehman Associates, Inc. v. State, 178 Conn. 352, 356-357. The use of Connecticut General Statutes § 4-61 does not result in waiver of sovereign immunity in our case because notice was never given to the "agency head" as the statute requires.
III. Actual Notice
Many cases hold that where the notice required is "personal" actual notice will suffice. It is true here that the State or at least the Department of Transportation had actual notice of the claim and its factual basis by December 26, 1996.
Any statutory waiver of sovereign immunity creates an exemption to the common law rule and therefore must be strictly construed. Bresnan v. Frankel, 224 Conn. 23, 26. The party claiming the exceptions must come clearly within its provisions.Berger, Lehman, supra 356. The party must "prove in this case that there is a precise fit between the narrowly drawn reach of the relevant statute, § 4-61 and the contractual language upon which the plaintiff depends." Id. 356.
Our statute requires that the notice is to be "given to the agency head." There is evidence that the agency head had actual notice on or about July 2, 1997. BAC asserts that it did provide such a factual basis. It argues that this simply means that the agency head had notice. The notice is to be "given" by the claimant not "had" from some other source or sources. Warkentinv. Burns, 223 Conn. 14, 18. (Under Connecticut General Statutes § 13a-144) The notice must "indicate (1) it is given by or on behalf of an injured party (2) who intends to claim damages" id footnote 6. Thus notice to the "state" or "the department" does not suffice.
IV. Factual Basis of Claims
The statute requires that each claim in writing must provide a factual basis.
BAC claims that its "100 page submission of August 3, 1995 to the State" satisfied the statutory notice requirement that it set forth the factual basis for the claims. It did not. CT Page 10611
V. August 3, 1995 Submission
Defendant claims that the material it sent to the department on August 3, 1995 was a notice of claim under the statute. It is not. It is a request for change orders. That is not a notice of claim under Connecticut General Statutes § 41-61.
VI Injunctive Relief
State has demonstrated irreparable injury because the arbitration hearing is not necessary and would require state effort.
State has no adequate remedy at law before the arbitration is conducted.
State will most probably prevail on the merits.
The equities need not be balanced because the legislature has told us what to do. The equities favor the State. BAC may still file a new and proper demand for arbitration.
Temporary injunction is granted to prevent further actions to implement the proposed arbitration until further order of this court.
Norris L. O'Neill, J.