[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Defendant, Gustavo Llamas, has moved to strike Counts Four and Nine of the plaintiff's second revised complaint dated April 15, 1999, claiming that these counts fail to allege facts sufficient to support a claim of reckless and/or intentional conduct and fail to come within the purview of Connecticut CT Page 5784 General Statutes § 14-295.
Section 14-295 allows the award of double or treble damages as follows:
 "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section[s] 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
1. Pleading is Legally Sufficient —
"There is a split of authority among the Superior Courts as to the amount of specificity required to plead a cause of action for statutory recklessness under General Statutes § 14-295."Godfrend v. Sabilia, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 162727 (Apr. 29, 1998,D'Andrea, J.)
This Court agrees with the analysis and interpretation of § 14-295 of Judge Nigro in Lombardo v. Norman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 127305 (Dec. 27, 1993, Nigro, J.) and those decisions imposing a more lenient standard requiring only an allegation that the defendant violated one or more of the statutes listed in the § 14-295. Section 14-295 does not require the same degree of specificity in alleging violations of statutes as is required to properly plead common law violations of negligence and recklessness. Henderson v. Thornton, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 148816 (Jan. 23, 1996, Karazin, J.); McKnight v. Schickendanz, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 161656 (Dec. 24, 1997, Mintz:, J.); Mascia v. Brewer, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149293 (Jan. 6, 1997, D'Andrea, J.); Ogletree v. Brown,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 134778 (Jul. 29, 1994, Lewis, J.); Lombardov. Norman, Superior Court, judical district of Stamford Norwalk at Stamford, Docket No. 127305 (Dec. 27, 1993, Nigro, J.).
The language of this statute, § 14-295, is clear, and no CT Page 5785 additional requirements should be imposed by the court.
 "The primary rule of statutory construction is that [i]f the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature . . . and thus there is no need to construe the statute. . . . Anderson v. Ludgin, 175 Conn. 545, 552, 400 A.2d 712 (1978)." (Internal quotation marks omitted.) Lamb v. Burns, 202 Conn. 158, 167, 520 A.2d 109 (1987). `Where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct. Muha v. United Oil Co., 180 Conn. 720, 730, 433 A.2d 1009
(1980).' (Internal quotation marks omitted.) Lamb v. Burns, supra, 168." Warkentin v. Burns, 223 Conn. 14, 22
(1992).
Both the Fourth and Ninth counts allege, inter alia that "the Defendant deliberately or with reckless disregard violated § 14-218a and § 14-219 . . . [and] § 14-222 (a) of the motor vehicle laws." The plaintiff further alleges that the defendant's conduct "was a substantial factor in causing . . . injuries to the Plaintiff." These allegations are precisely what is required by the statute and the Fourth and Ninth counts, therefore, are legally sufficient to maintain a cause of action sounding in statutory recklessness. As such, the Defendant's Motion to Strike Counts Four and Nine is denied and the Plaintiff's Objection is sustained.
2. Failure to Include Authority
Practice Book § 67-9 requires that a copy of the text of any decision, not officially reported and cited in a brief, be included in an appendix to the brief. The Defendant's Memorandum In Support of Motion to Strike, dated April 27, 1999, refers to six Superior Court decisions for support of her position that the complaint is deficient because it lacks specific factual allegations of the claimed recklessness. However, none of these opinions were provided with the Defendant's Memorandum.
With the Defendant's failure to supply these decisions as required, and with no appellate law on the issue, the Defendant has failed to provide authority to support her position. For this reason, as well as for the reasons set forth in ¶ 1, supra,
the Defendant's Motion to Strike is denied and the Plaintiff's objection sustained. CT Page 5786
HILLER, J.