FRANCES SCHAAP *v.* CITY OF MERIDEN ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 10—decided November 10, 1952

*Cyril Coleman,* for the appellant (defendant highway commissioner).

*Samuel H. Platcow,* with whom was *Francis R. Danaher,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff sued the city of Meriden

and the state highway commissioner for damages for personal injuries claimed to have resulted from a fall on a defective state highway and had a judgment against the commissioner. A principal ground of the latter's appeal is that the written notice, required by statute, is fatally defective.

The finding, in so far as it is relevant to this issue, may be summarized as follows: The plaintiff lived in Meriden on the south side of West Main Street, a state highway. The right of way was sixty-six feet wide. The wrought portion consisted of concrete pavement twenty feet in width and asphalt shoulders. The north shoulder was six feet wide and the south shoulder nine feet wide. There was a manhole cover in the south shoulder. In the area, south of the concrete roadway, where the plaintiff fell and for an undesignated distance east and west there were, and for a long time had been, a number of depressions and holes in the asphalt. These holes averaged from two to ten inches in depth and were of varying width. One of them, about two and one-half to three feet in diameter and six inches deep, caused the plaintiff's fall. The highway was dangerous and this hole constituted a defect therein.

On the evening of November 8, 1949, the plaintiff left her home and walked easterly on the southerly shoulder of the highway. When she was about twenty-five feet west of the manhole, she fell into the hole in the asphalt. She was seriously injured. On December 21, 1949, she gave written notice to the commissioner. The notice read in part as follows: "This is to give notice, pursuant to Sec. 2201, General Statutes of the State of Connecticut, Revision of 1949, that Mrs. Frances Schaap of 1092 West Main Street, Meriden, while walking in an easterly direction on the southerly side of the street and high-

way known as West Main Street, Meriden, near the intersection of Runge Avenue, on November 8, 1949 at about 7:30 P. M. did step into a hole existing in said street and highway near the edge of a manhole cover and was . . . injured."

Section 2201 provides that notice of the "injury and a general description of the same and of the cause thereof and of the time and place of its occurrence [must be] given within sixty days thereafter to the highway commissioner." The giving of a sufficient notice is a condition precedent to bringing action. *Morico* v. *Cox,* 134 Conn. 218, 220, 56 A.2d 522. "The obvious purpose of this requirement is that officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently." *Shaw* v. *Waterbury,* 46 Conn. 263, 266. If the notice entirely fails to meet the requirements of the statute, the question of its sufficiency is one of law for the court. *Morico* v. *Cox,* supra, 222. The point has been before this court frequently. The inquiry always is: Does the notice reasonably protect the interests of the defendant under the particular circumstances of the case? *Sizer* v. *Waterbury,* 113 Conn. 145, 157, 154 A. 639. The wording of the finding, that the description of the place where the plaintiff fell "was not misleading to the defendant, State Highway Commissioner and was made without intent to mislead that official," indicates that the trial court may have assumed, contrary to the fact, that § 2201 contained the saving clause present in § 2126, which concerns roads other than state highways.

The cases cited by the plaintiff indicate a liberal attitude toward claimants in testing the sufficiency of

the notice. That in the case at bar utterly fails in its purpose. The complaint, as amended, merely alleged: "[T]here existed on said highway and in that portion of said highway prepared for vehicular traffic and in that portion of said highway to be used by pedestrians, a hole . . . ." This was filed May 10, 1951, a year and a half after the fall, and lends credence to the commissioner's claim that the plaintiff did not know where she fell. The notice locates the hole "near the edge of a manhole cover." The use of the words "near the edge" would naturally convey the idea that the defect was immediately adjacent to the manhole. That is where the state highway inspectors would look for it. There was nothing to direct their attention to any particular one of the numerous holes found to have existed in the neighborhood. It would unduly prolong this opinion to review the cases cited by the plaintiff. In *Sizer* v. *Waterbury,* supra, the hole was about twenty feet long, twelve feet wide and six feet deep, and the city authorities had actual knowledge of its existence. The statute involved (Rev. 1918, § 1414) contained the so-called "saving clause," omitted from § 2201. In *Judd* v. *New Britain,* 81 Conn. 300, 70 A. 1028, the defect was snow and ice, that is, not a permanent defect, and the case was otherwise dissimilar in its facts. The notice in the case at bar was insufficient as a matter of law.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendants.

In this opinion the other judges concurred.