[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THE REVISED COMPLAINT
On December 2, 1991, the plaintiffs, Thomas Murray and his wife Joanne Murray, filed a two-count revised complaint in which it is alleged that plaintiff Thomas Murray suffered personal injuries when a metal storm grate on which he was standing collapsed.
In count one, the plaintiffs allege that the storm grate was a part of Route 22 (also known as Clintonville Road) in North Haven. The plaintiffs allege that this action has been brought pursuant to General Statutes 13a-144, the defective highway statute, against the defendant, Emil Frankel, Commissioner of Transportation. CT Page 2361
In the second count, plaintiff Joanne Murray alleges that as a result of plaintiff Thomas Murray's accident she suffered loss of consortium damages.
Attached to the complaint is the notice provided to the defendant Commissioner as required by General Statutes 13a-144. The notice provides the following description of the time, place and cause of plaintiff Thomas Murray's accident.
 [O]n or about Sunday, August 5, 1990 at approximately 10:30 in the evening, Mr. Murray was helping his niece remove her car from Clintonville Road (Route #22) in the town of North Haven, Connecticut. At that time and place, his niece's automobile was struck on the northern curbline of Route #22. The automobile was immediately adjacent to a metal storm grate on the side of the road. In trying to remove the automobile from the road, Mr. Murray chanced to step on the storm grate. As he stepped on the grate, the metal gave way and he fell through the storm grate. . . .
Before the court is the defendant's motion to strike the revised complaint. The grounds for the motion are that the plaintiffs' notice is defective as a matter of law, because it insufficiently describes the place of the accident's occurrence, as is required pursuant to 13a-144, and because the notice does not describe any injury to plaintiff Joanne Murray.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34,37, 522 A.2d 1235 (1987). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988).
I. Count One
It is the position of the defendant that since General Statutes 13a-144 has the effect of waiving sovereign immunity it must be strictly construed. Hence, the defendant argues that precise information regarding the place of the injury's occurrence must be given, and that the plaintiff's notice is defective as a matter of law. CT Page 2362
The plaintiffs argue that the statute only requires that a general description of the place be given, and that the notice is legally sufficient.
General Statutes 13a-144 states that a defective highway claim cannot be brought "unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing. . . to the commissioner."
A motion to strike is an appropriate method by which to challenge the adequacy of a statutorily required notice.
In Moffett v. Burns, 3 CSCR 636 (July 12, 1988, Pickett, J.), aff'd 18 Conn. App. 82, 559 A.2d 1190 (1989), cert. denied212 Conn. 806, 561 A.2d 947 (1989), the defendant challenged, through the use of a motion to strike, the statutory notice provided by the plaintiff pursuant to General Statutes 13a-144. The court held that the use of the motion to strike was appropriate for this purpose:
 The description [of the place of the accident] in the notice must meet the statutory requirements in order to withstand a motion to strike. . .' Ordinarily, the question of the adequacy of notice is one for the jury and not for the court.'. . .' Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet. . . the statutory requirements.' (citations omitted).
Id.
See also Lopez v. Burns, 1 CTLR 663 (May 24, 1990, Maloney, J.). "The court will grant a motion to strike. . . when the notice `patently' fails to meet the statutory requirement." Id.
The law is clear that the statute setting forth the essentials of the notice must be strictly construed.
 General Statutes 13a-144 created a cause of action `wholly unauthorized by the common law' . . . . `In view of the fact that Section [13a-144] is in derogation of the common law. . . the statute must be strictly construed.' (citations omitted).
Ozmun v. Burns, 18 Conn. App. 677, 680, 559 A.2d 1143 (1989). CT Page 2363
 The notice is to be tested with reference to the purpose for which it is required. The purpose of the requirement of notice is `to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.'
Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947).
In Schaap v. Meriden, 139 Conn. 254, 93 A.2d 152 (1952), the plaintiff provided the following notice to the defendant commissioner: "Mrs. Frances Schaap. . . while walking in an easterly direction on the southerly side of the street and highway known as West Main Street, Meriden, near the intersection of Runge Avenue. . . did step into a hole existing in said street and highway near the edge of a manhole cover and was. . . injured." Id., 256. The court held that this notice was insufficient as a matter of law.
In the present case, the description of the location in the plaintiffs' notice details the town, the name of the road, the side of the road, and that the injury occurred on a storm grate. In Schaap v. Meriden, supra, the plaintiff's notice provided the town, the name of the road, the side of the road, a nearby intersecting street, and that the injury occurred in a hole which was near a manhole cover. It is obvious that the notice in Schaap v. Meriden, supra, was more detailed than the one in the present case. The court in Schaap held that the plaintiff's notice was insufficient as a matter of law. Since the plaintiffs' notice in the present case is less specific with respect to the location of the defective condition than the notice in Schaap, the defendant's motion to strike the first count is granted.
II. Count Two
The defendant argues that the second count must also be stricken because the plaintiffs did not give the defendant notice of plaintiff Joanne Murray's loss of consortium claim.
As noted above, General Statutes 13a-144 requires that "notice of. . . injury. . . [be] given. . . within ninety days. . . to the commissioner", and because the statute waives common law sovereign immunity, it must be strictly construed. Ozmun v. Burns, supra; Zotta v. Burns, 8 Conn. App. 169, CT Page 2364511 A.2d 373 (1986).
In the present case, the plaintiffs did not provide notice of plaintiff Joanne Murray's loss of consortium claim within ninety days, as required by the statute. Therefore, count two is legally insufficient, and the motion to strike that count is granted for the reason claimed by the defendant.
Although not the ground urged by the defendant in support of his motion to strike with reference to the second count claiming loss of consortium, the court is of the opinion that the claim for loss of consortium would be barred because the claim of the injured husband has been barred. See Hopson v. St. Mary's Hospital, 176 Conn. 485, 494.
A further reason for striking the loss of consortium claim can be found in a recent decision of the Connecticut Supreme Court which held that loss of consortium damages are not available under13a-149.
 . . . Section 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured `traveler'.
Sanzone v. Board of Police Commissioners, 219 Conn. 179, 198-99,592 A.2d 912 (1991).
Since 13a-149 uses the same words as 13a-144 in limiting the class of plaintiffs entitled to recover under the statute: Any person injured in person or property. . . .", it would seem that the reasoning in Sanzone would apply equally to an action brought under 13a-144.
For the foregoing reasons, the defendant's motion to strike the complaint is granted.
HADDEN, JUDGE