[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
This matter concerns the defendant's motion to strike plaintiff's defective highway claim on the ground that plaintiff failed to provide the defendant with adequate notice of the location of the injury as required by General Statutes 13a-144.
The following facts are derived from plaintiff's complaint and for purposes of this motion to strike, will be taken as true. Blancato v. Feldspar Co., 203 Conn. 34, 36, 522 A.2d 1235 (1987).
This action arises out of injuries incurred as a result of a motor vehicle accident. On August 6, 1990, at approximately 2:40 p.m., plaintiff, MaryAnn Delcore, was driving her motor vehicle in an easterly direction along Forbes Avenue in the City of New Haven. When plaintiff's vehicle approached the Tomlinson Bridge, the wheels of her vehicle "engaged with" the railroad tracks upon said road causing plaintiff to lose control of her vehicle and strike a wall. The tracks had been lawfully placed on the roadway by the Consolidated Rail Corporation (hereinafter "Consolidated").
In early October of 1990, plaintiff sent notice of the accident, as required by General Statutes 13a-144, to J. William Burns, the acting Commissioner of Transportation for the State of Connecticut. Thereafter, plaintiff filed a two-count complaint naming Emil H. Frankel, Commissioner Burns' successor, and Consolidated as defendants. Count One is directed to defendant Frankel and alleges a violation of the defective highway statute, General Statutes 13a-144. Count Two is directed to Consolidated and sounds in negligence.
Defendant seeks to strike Count One of the complaint on the ground that plaintiff's statutory notice to defendant Frankel is insufficient as a matter of law.
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "In deciding on a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). The court must construe the facts in the [pleading] in the manner most favorable to the nonmoving party. Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988).
Section 13a-144 of the General Statutes states in pertinent part:
 Any person injured in person or property through the neglect or default of the state or any of CT Page 4653 its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair. . .may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner.
This cause of action is purely statutory and therefore must be strictly construed. Wethersfield v. National Fire Ins. Co.,145 Conn. 368, 371, 143 A.2d 454 (1958).
 Whether the notice fails to meet the requirements of the statute must be determined by examining the purpose of the notice. The obvious purpose of the requirement is that officers of municipal corporations against which suits for injuries are about to be instituted, shall have such precise intervention as to time and place as will enable them to inquire into the facts of the case intelligently. . . . Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of facts of the particular case. Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet' the statutory requirements. (Citations omitted.)
Ozmun v. Burns, 18 Conn. App. 677, 680-81, 559 A.2d 1143 (1989).
In the instant case, plaintiff's Notice of Claim filed on October 9, 1990, provides that plaintiff "suffered personal injuries on Forbes Avenue, in the City and Town of New Haven. . . . Said injuries were caused by defective maintenance of the highway in that railroad tracks were permitted to exist and were maintained in such a fashion as to interfere with proper handling of motor vehicles passing thereon."
Plaintiff argues that she has complied with the statutory requirements because the notice adequately places the scene of the CT Page 4654 accident at the portion of Forbes Avenue where the railroad tracks are located. Plaintiff argues in the alternative that the question of whether the notice was sufficient should be left up to the trier of fact.
Defendant Frankel argues that plaintiff's notice does not meet the statutory requirements set forth under General Statutes13a-144 because it does not adequately describe the location of the injury. Moffett v. Burns, 3 CSCR 636 (July 12, 1988, Pickett, J.); Schaap v. Meriden, 139 Conn. 254, 93 A.2d 152 (1952).
The holdings in Moffett, supra, and Schaap, supra, support the defendant's position that the description of the place in the notice was insufficient. However, the notice in the instant matter can be distinguished from those given in Moffett and Schaap.
In Moffett, the notice described the location of the place of injury as "Route 109, New Milford, CT. 06776" but did not refer to any specific area of the roadway. In Schaap, the notice was inexact and could not have directed the defendant commissioner's attention to the injury-causing defect. In the instant matter, plaintiff gave a description of the roadway as "Forbes Avenue, in the City and Town of New Haven" and also directed defendant Frankel's attention to the existence of the railroad tracks thereon. The plaintiff is thereby alleging that the defect is the existence of the tracks on the roadway and the improper maintenance thereof. Thus, since the plaintiff has directed defendant Frankel's attention to the portion of the roadway where the railroad tracks are located, plaintiff's notice patently meets all the statutory requirements. Should there be other facts which might show that the notice is inadequate, for example, the length of track on the roadway, such facts should be presented to the trier of fact to consider. See Ozmun, supra, 681.
A similar result was reached in Lopez v. Burns,1 Conn. L. Rptr. 663 (May 24, 1990, Maloney, J.) and McGrath v. Carlin Contracting Company, 1 Conn. L. Rptr. 634 (May 17, 1990, Mulcahy, J.). In Lopez, supra, the plaintiff brought suit against the defendant commissioner pursuant to 13a-144 after she was involved in an accident caused by icy road conditions. In denying the defendant commissioner's motion to strike, the court held that the plaintiff's notice, which described the place of the injury as "Route I-84 entrance ramp #60", was sufficient on its face to enable the defendant commissioner to conduct an inquiry to protect his interests. Id. The court went on to hold that the trier of fact should resolve the impact of facts later presented which could challenge the adequacy of the notice. Id. In McGrath, supra, the plaintiff was injured after his motorcycle hit a bump on the roadway and flipped over. The plaintiff described the CT Page 4655 cause of the injury in his notice as a "bump on Salmon River Bridge. . .". Id. The court denied the defendant commissioner's motion to dismiss because on the record then before the court, the notice was not inadequate as a matter of law. Id., 636. As suggested in McGrath, the introduction of additional facts, such as the length of the bridge or the condition of the roadway thereon, might allow the trial court to determine whether the notice was "patently inadequate" so as to preclude submission of the notice issue to the Jury. id., n. 4. Again, the issue of the sufficiency of the notice is left to the trier of fact.
Accordingly, defendant Frankel's motion to strike is denied.
MAIOCCO, J.