[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This case arises out of a fatal motor vehicle accident which is alleged to have occurred at approximately 6:54 a.m. on March 9, 1993. According to the plaintiff's Complaint dated September 6, 1994, the plaintiff's decedent, David Cyr, Jr., was traveling southbound on Route 83 in Somers, Connecticut when a northbound vehicle being operated by defendant Ronda Kosman slid on ice and veered out of control into Mr. Cyr's lane, striking his vehicle CT Page 7276 and causing his death. The Complaint is brought by the administrator of Mr. Cyr's estate, his wife, Evelyn Cyr.
Count Thirteen of the Complaint is brought against the State of Connecticut pursuant to the defective highway statute, General Statutes § 13a-144.[1] In Count Thirteen, the plaintiff alleges, inter alia: (1) that the accident occurred on "a public highway in the Town of Somers, Connecticut, approximately one-tenth of a mile north of the intersection of Route 83 with North West Drive in Somers;"id., Count XIII, ¶ 2; (2) that at the time of the accident, the highway in the above location was "slippery and hazardous due to ice which for a period of time had not been treated with sand or salt;" id., Count XIII, ¶ 3; (3) that the State's negligence in the maintenance of Route 83 was the sole proximate cause of the injuries, death and losses complained of; id., Count XIII, ¶ 12; and (4) that pursuant to General Statutes § 13a-144, the plaintiff duly notified the State of Connecticut of the foregoing claim by sending it a copy of the written notice which is appended to the Complaint. Id., Count XIII, ¶ 13. The appended notice, in pertinent part, describes the accident location as follows: "Route 83, North of Northeast Drive, in Somers, Connecticut."
The State has filed a motion to dismiss the Thirteenth Count under Practice Book § 142, contending that the Court lacks subject-matter jurisdiction over the claim therein presented because the plaintiff failed to satisfy the notice requirements of § 13a-144. The defendant argues that the plaintiff's written notice was legally deficient for the following reasons: (1) the location given in the notice does not correspond to the location described in the Complaint; (2) "Northeast Drive", the reference point along Route 83 which is specifically mentioned in the notice, does not exist; and (3) since the portion of Route 83 which lies within Somers is just over six miles in length, Affidavit of Victor LaBarre, a notice simply stating that the accident in question occurred "North" of a non-existent location on that public highway does not constitute the kind of precise, correct description which the statute in question requires.
I. THE STANDARDS ON A MOTION TO DISMISS:
CT Page 7277
A motion to dismiss is the proper procedural vehicle for contesting the subject-matter jurisdiction of the court. Baskin's Appeal from Probate, 194 Conn. 635, 640
(1984) (footnote omitted). A motion to dismiss should only be granted when it is clear "on the face of the record that the court is without jurisdiction." Perry's Inc. v.Waterbury Redevelopment Agency, 157 Conn. 122, 124 (1968), for "every presumption which favors the jurisdiction of the court should be indulged." Id. The alleged failure of a statutory notice to meet the requirements of Section 13a-144
can properly be raised on a motion to dismiss for lack of subject-matter jurisdiction. Bresnan v. Frankel,224 Conn. 23, 24 (1992), Morico v. Cox, 134 Conn. 218 (1947).
II. REQUIREMENTS OF SECTION 13A-144:
The standards governing the notice requirement of Section 13a-144 are well established. As explained by our Supreme Court in Bresnan v. Frankel, supra, 27, they are as follows:
 "[T]he state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases'. . . White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). Section 13a-144 creates a legislative exception to this common law rule and therefore must be strictly construed. Id.,
321; Ozmun v. Burns, 18 Conn. App. 677, 680, 559 A.2d 1143 (1989). The statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is met, no cause of action exists. Warkentin v. Burns, 223 Conn. 14, 18, 610 A.2d 1287 (1992); Wethersfield v. National Fire Ins. Co., 145 Conn. 368, 371, 143 A.2d 454 (1958); Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 237-38, 56 A.2d 519 (1947). The sufficiency of the notice is tested with reference to the purpose for which it is required. Warkentin v. Burns, supra. The purpose of the notice requirement is to furnish the commissioner with `such precise information as to time and place as will enable (the commissioner) to inquire into the facts of the case intelligently'; Schaap v. Meriden,
CT Page 7278 139 Conn. 254, 256, 93 A.2d 152 (1952), quoting Shaw v. Waterbury, 46 Conn. 263, 266 (1878); and to protect the state's interests. Warkentin v. Burns, supra, 20.
In ruling on a motion to dismiss due to inadequate notice under Section 13a-144, the courts have not inquired as to whether the commissioner was in fact misled or whether the notice was intended to mislead. Morico v. Cox,134 Conn. 218, 220 (1947). Such an inquiry is only proper under statutes such as General Statutes § 13a-149, which contain savings clauses providing that notice "shall not be held invalid or insufficient by reason of inaccuracy."Morico, supra, 220. Because Section 13a-144 contains no such savings clause, it must be strictly construed.Bresnan v. Frankel, supra, 26, 27. So construed, in light of its above-mentioned purpose, the statute requires a notice of the location of the accident which is both "correct," Ozmun v. Burns, supra, 677, and sufficiently "precise . . . [to] enable (the Commissioner) to inquire into the facts of the case intelligently." Schaap v.Meriden, supra, 256.
III. APPLICATION OF THE "PRECISE AND CORRECT" STANDARD
Whether the description in a statutory notice of the location of an incident is adequate is a matter of law for the court to determine on a motion to dismiss. Morico v.Cox, supra, 222. Before the adequacy of notice issue can go to the jury on the facts of an individual case, the court must ascertain whether the notice meets the requirements of the statute as a matter of law. Morico, at 222. It is "inappropriate for the jury to decide the sufficiency of notice when the notice was invalid as a matter of law." Bresnan v. Frankel, supra, 28.
Cases decided under Section 13a-144 provide useful examples of statutory notices which are inadequate as a matter of law. In Bresnan v. Frankel, the notice described the location of the accident as "Route 14A in Plainfield", a road six miles in length. The Supreme Court affirmed the granting of the defendant's motion to dismiss, stating that this description was unduly imprecise and vague.Bresnan, supra, 26. In a case notably similar to the present case, the Appellate Court addressed the sufficiency CT Page 7279 of a description of an accident location in a statutory notice. Ozmun v. Burns, supra. In Ozmun, the plaintiff had filed a notice which referred to points in the southerly direction of a road. Id., 679. The complaint corresponded with the notice. Id. Three years after filing the complaint, however, the plaintiff amended the complaint to refer to northerly points rather than southerly points along the roadway. Id. The trial court granted the defendant's ensuing motion to dismiss on the ground that the notice of the claim was inadequate. Id. In affirming this ruling, the Appellate Court agreed with the trial court that the description of the location was inadequate because it would not have enabled the defendant to easily determine the location of the accident, which is the purpose of statute's notice requirement. Id., 680. On that basis, it held that the description of the location of the injury was so clearly faulty that the notice was invalid as a matter of law. Id., 681.
IV. LOCATION DESCRIPTION WAS INADEQUATE AS A MATTER OF LAW.
Under the above-described standards, the notice given in the present case was clearly faulty as a matter of law for it failed to give a "precise and correct" description of the location of the accident here at issue. To begin with, the uncontested facts of record clearly show that there is no street known as Northeast Drive in Somers, Connecticut, and thus there is no location on Route 83 in Somers which is "North of Northeast Drive." However, even, if there were such a street in Somers and that street intersected with Route 83, notice that an accident occurred "North" of that location would only notify State officials that they should focus their investigation on the entire stretch of roadway which lies to the north of the intersection in question. Because the location of the accident could therefore have been anywhere along the entire roadway extending north of the subject intersection, reasonable investigators would have been unable to pinpoint the precise location of the accident. As the Supreme Court previously determined in Bresnan v. Frankel, such a vague and incorrect description renders a notice invalid under Section 13a-144.
Finally, the description of the accident location in the notice differs materially from the description in the CT Page 7280 Complaint. Such an inconsistency defies the purpose of the statute, which is to so describe the scene of the accident as to enable the State's investigators to locate the scene with precision, and thus to prepare their defense to the claim. See Ozmun v. Burns, supra.
The notice here challenged did not contain the kind of precise and correct description of the accident scene which is required by General Statutes § 13a-144. Therefore, the Court lacks subject-matter jurisdiction over the claim presented in Count Thirteen of the Complaint, and the defendant's Motion to Dismiss that Count must be granted. It is so ordered this 8th day of June, 1995.
Michael R. Sheldon Judge