[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion for Summary Judgment
On November 9, 1995, the plaintiff, Maria Sauvage, filed a revised two count complaint seeking recovery for damages that she allegedly sustained when the plaintiff fell because of a pothole. Count one of the plaintiff's complaint is directed against the defendant, City of Danbury (City), and alleges that her injuries were caused by the City's breach of its statutory duty under General Statutes § 13a-149.[1]
On May 23, 1996, the City moved for summary judgment on the ground that the plaintiffs notice of claim, which describes the location of the place of her injury simply as a pothole "on Hayestown Road," is insufficient as a matter of law. In support of its motion for summary judgment, the City filed the plaintiffs October 27, 1993 notice of claim as Exhibit A, along with a copy of a map of the City of Danbury and an affidavit of John Schweitzer, Jr., P.E., Director of Public Works.[2]
On June 20, 1996, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment. In support of her opposition, the plaintiff filed her affidavit (Plaintiff's Exhibit A) and a copy of her October 27, 1993 notice of claim (Plaintiff's Exhibit B).
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact CT Page 6223 but rather to determine whether any such issues exist." Telescov. Telesco, 187 Conn. 715 718, 447 A.2d 752 (1982). In summary judgment proceedings, the moving party must show the absence of any genuine issues of material fact, and in making its determination, the court must consider the affidavits, documents, and pleadings in the light most favorable to the non-moving party. Mingachos v. CBS Inc., 196 Conn. 91, 111, 491 A.2d 368
(1985).
The City argues that the plaintiffs notice of claim is patently deficient because it insufficiently describes the location of her injury. The City argues that this patent deficiency of notice entitles it to judgment as a matter of law. In support of its position, the City cites to two Superior Court cases: Linderbeck v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288327 (April 7, 1995, Belinkie, S.T.R.); Norwalk Co-Op. Inc. v. Greenwich,
Superior Court judicial district of Fairfield at Bridgeport, Docket No. 267800 (July 15, 1992, Lewis, J., 7 Conn. L. Rptr. 72) (deciding, as a matter of law, that the plaintiff's written notice failed to sufficiently describe the location of the accident).
The plaintiff argues that only an omission of a statutorily required element of notice would warrant judgment as a matter of law, and that the adequacy of the description of the location of the injury is a question of fact for the jury. The plaintiff further argues that a reasonable jury could find that her description of the location of her injury in her notice of claim was adequate.
The plaintiff also argues that the City does not allege that the plaintiff deliberately attempted to deceive the City of Danbury with a vague description of the location of the injury.
Notice of injury is a condition precedent for maintaining a suit under General Statutes § 13a-149, "and if this requirement is not met, no cause of action exists." Bresnan v.Frankel, 224 Conn. 23, 26, 615 A.2d 1040 (1992); see also Lussierv. Department of Transportation, 228 Conn. 343, 351 (1994).
General Statutes 13a-149 requires a written notice of the injury containing a general description of the injury, the cause of the injury, and the time and place where the injury occurred. See Warkentin v. Burns 223 Conn. 14, 17, 610 A.2d 1287 (1992); CT Page 6224 see also Marino v. East Haven, 120 Conn. 577, 579, 182 A. 225
(1935).
The notice requirement "was not devised as a means of placing difficulties in the path of an injured person. The purpose [of the notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made." (Citations omitted; internal quotation marks omitted; alterations in original.) Lussier v. Department of Transportation, supra,228 Conn. 354. "The notice requirement is not merely to alert the commissioner of the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit."Warkentin v. Burns, supra 223 Conn. 18, citing Morico v. Cox,134 Conn. 218, 223, 56 A.2d 522 (1947).
The sufficiency of notice is normally a question for the jury. Morico v. Cox, supra 134 Conn. 223-24; Bassin v. Stamford,26 Conn. App. 534, 539 (1992). However, before submitting the question to the jury, the trial court must first determine whether the notice patently meets statutory requirements. Moricov. Cox, supra, 134 Conn. 223; Zotta v. Burns, 8 Conn. App. 169,173-74 (1986). "The notice is to be tested with reference to the purpose for which it is required." Morico v. Cox, supra,134 Conn. 223.
No notice given under the provisions of § 13a-149 shall be held invalid or insufficient by reason of inaccuracy in describing the time, place or cause of the injury, if it appears that there was no intention to mislead or that the city was not in fact misled by the description. General Statutes 13a-149.
At issue is whether the plaintiff's description of the location of her injury as by a pothole "on Hayestown Road" is so patently deficient that the defendant is entitled to judgment as a matter of law. The Connecticut Supreme Court has upheld trial court decisions which held that vague description of the location of injury make the notice of claim inadequate as a matter of law. See Bresnan v. Frankel, supra, 224 Conn. 25 (upholding the dismissal of a complaint as a matter of law for insufficient notice where the plaintiff identified the location of the injury as "Route 14A, Plainfield, Connecticut"). However, the court has not set forth clear guidelines on what constitutes a patently defective location description in a notice of claim. Compare id. CT Page 6225 (finding that a description of "Route 14A, Plainfield, Connecticut" without any further reference was patently defective where the road in question was over six miles long) with Lussierv. Department of Transportation, supra, 228 Conn. 345 (upholding trial court decision finding that notice of claim was not patently deficient regarding the location description where the notice described the location as "route 617 where the highway crosses the Shunock River" where the road was only three-tenths of a mile long); see also Schaap v. Meriden, 139 Conn. 254, 257,93 A.2d 152 (1952) (description of "near the edge of a manhole cover" with no other information directing the defendant to any particular one of the numerous manhole covers in the area was patently defective) Moffett v. Burns, 18 Conn. App. 821,559 A.2d 1190, cert. denied, 212 Conn. 806, 561 A.2d 947 (1989) (description of "Route 109, New Milford, Connecticut 06776" held patently defective); Ozmun v. Burns, 18 Conn. App. 677, 679,559 A.2d 1143 (1989) (description of "in the vicinity of the Ensign Bickford Company between the traffic lights" held patently defective).
Here, the documents filed in support of the defendant's motion for summary judgment gave conflicting descriptions of the road upon which the plaintiff was injured. The affidavit from the Director of Public Works (Defendant's Exhibit C) describes Hayestown Road as "run[ning] from its intersection with East Pembroke Road in a generally northeasterly direction to its intersection with Great Plain Road" and as measuring "5,625 feet more or less (1.065 miles more or less) in total length from center of intersection to center of intersection." However, on the map filed with the defendant's motion for summary judgment (Defendant's Exhibit B), a road called "Hayestown Av.," which is somewhat less than one-half of a mile long,[3] is circled. Moreover "Hayestown Av." does not run between East Pembroke Road and Great Plain Road.
Due to these conflicting documents offered by the moving party, the court cannot find that the plaintiff's notice of claim is patently defective as a matter of law. See Mingachos v. CBS,Inc., supra, 196 Conn. 111 (the burden of proof is on the moving party to show the absence of any material fact).
The court, therefore, denies the defendant s motion for summary judgment because the defendant failed to prove the absence of any genuine issue as to all material facts. CT Page 6226
Stodolink, J.