[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, the town of Woodstock, in these cases moves for summary judgment based on inadequacy of the written notice required in a highway defect liability claim under G.S. §13a-149.
These cases arise out of a motor vehicle accident on December 8, 1993, in the town of Woodstock which resulted in the deaths of Nancy and Rachel Hardt and severe injuries to Daniel Hardt. The plaintiffs claim that the accident was proximately caused by icy conditions which the town allowed to accumulate on English Neighborhood Road near its intersection with Redhead Hill Road.
The defendant contends that the written notice given to the town pursuant to § 13a-149 failed adequately to disclose the location of the alleged defect and accident and the specific nature of the injuries to Daniel. There is no genuine issue of fact that the notices state that the accident occurred "on English Neighborhood Road in Woodstock". Also, the notice with respect to Daniel recites that he suffered "multiple blunt traumatic injuries" as a result of the accident. It is undisputed that English Neighborhood Road in Woodstock is approximately 3.5 miles long.
Section 13a-149 permits recovery against a municipality for CT Page 1395 harm sustained because of highway defects but only if the injured party, within ninety days of the accident, provides to the town "written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence". The statute also contains a "savings clause" which provides that no written notice is invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intent to mislead or that such town, city, corporation or borough was not in fact misled thereby". Thus, timely, written notice of the location of the defect and the nature of the alleged injuries is a prerequisite to recovery in an action against a municipality for damage caused by a highway defect. Pratt v. Old Saybrook, 225 Conn. 177, 180 (1993).
Adequacy of the written notice is normally a factual question to be resolved by the jury. Bassin v. Stamford,26 Conn. App. 534, 539 (1992). If the written notice entirely fails to meet the requirements of the statute, however, the issue is one of law for the court to decide. Schaap v. Meriden,139 Conn. 254, 256 (1952).
The defendant concedes that no appellate level decision exists which holds that merely naming the street upon which the purported defect was present is an insufficient description as to the place of accident, as a matter of law, under the municipal liability highway defect statute, § 13a-149. The defendant does point to appellate authority as to the same contention pertinent to the state highway defect liability provision set forth in G.S. § 13a-144. In Bresnan v. Frankel, 224 Conn. 23
(1992), our Supreme Court found that the phrase "Route 14A, Plainfield," was, as a matter of law, insufficient to satisfy the notice requirement of § 13a-144. Id., 27. In Schaap v.Meriden, supra, a description of the place of defect as a hole on the southerly side of "West Main Street, Meriden, near the intersection of Runge Avenue" was patently deficient according to our Supreme Court. Id., 257. In Moffet v. Burns,18 Conn. App. 821 (1989), the Appellate Court affirmed, per curiam, the granting of the state's motion to strike a claim under §13a-144 because of the inadequacy of the phrase "Rte. 109, New Milford" to satisfy the written notification mandates of §13a-144. That case involved a purported defect of icy conditions on the highway as do the present cases.
Appellate decisions have, on occasion, recognized the CT Page 1396 similarity between § 13a-144 and § 13a-149 and used as authority constructions of one statute to interpret the other, e.g. Trotta v. Branford, 26 Conn. App. 407, 410 (1992); Baker v.Ives, 162 Conn. 295, 298 (1972); Pape v. Cox, 129 Conn. 256, 259
(1942). The cases that do mix precedents regarding § 13a-144
and § 13a-149 appear limited to interpretations of the similar statutory duties imposed on both the state and towns
regarding upkeep of highways. No appellate level cases have commingled precedents as to the extent of the duty on theclaimant to supply written notice as to place of injury.
There are appellate decisions which have focused on the differences between § 13a-149 and § 13a-144. In Fukelmanv. Middletown, 4 Conn. App. 30 (1985), the Appellate Court found that costs may be taxed against a municipality under §13a-149 but cannot be taxed against the state under § 13a-144. More significantly, our Supreme Court has stated that the written notice requirements of § 13a-149 should be more "liberally construed" than the mandates of § 13a-144 because of the presence of the savings clause in the former and its absence in the latter. Pratt v. Old Saybrook, supra, 183, see also, Schaapv. Meriden, supra, 257.
The savings clause has been a part of our municipal liability for highway defects statutes since 1917, P.A. of 1917, ch. 66, amending § 2020 (1902 Rev.). As noted above that clause validates written notices despite inaccuracy in the description of place or injury absent any intent to mislead and actual confusion. The question before the court is whether the savings clause of § 13a-149 salvages a written description as to place which has been held to be patently deficient, as a matter of law, under § 13a-144.
Trial level cases have found that the savings clause fails to validate written notice which merely states the name of a highway as the place of accident. DiLuciano v. Shea, Superior Court, Hartford J.D., d.n. CV94-536060 (January 26, 1996); Norwalk Co-opInc. V. Greenwich, Superior Court, Fairfield J.D., d.n. CV 90-267800 (July 15, 1992). The court finds the reasoning of these cases persuasive.
The plaintiffs argue that, because this accident involved a double fatality and serious injury to members of the same family, the notoriety of the accident put the town on notice as to the place of the accident. Therefore, the written notice naming CT Page 1397 English Neighborhood Road, in conjunction with the presumed infamy of the occurrence, is simply an inaccuracy in description which creates a genuine issue of fact under the savings clause for the trier-of-fact to decide.
There is some precedent that extrinsic notoriety may be a legitimate consideration in determining sufficiency of notice under § 13a-149. In Sizer v. Waterbury, 113 Conn. 145 (1931), our Supreme Court held that the place of accident was adequately described by the phrase "a hole on Huntington Avenue". Id., 157. The hole in that case was gaping and several feet in length, width and depth. The notoriety of the defect, not the accident, was significant because it added precise meaning to the word "hole". In the present case, the claimed defect was a build-up of ice. It is difficult to apprehend how the town would know from the phrase "English Neighborhood Road" which part of the 3.5 miles of this road was being referred to. The notice as to place was patently deficient. Although "exactness" as to place is not required, "reasonable definiteness" is. Id.
The motions for summary judgment are granted.
Sferrazza, J.