[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gilberto Quiroz, alleges that on February 23, 1994, he was caused to fall and injure himself due to an accumulation of ice and snow on an exterior walkway on the premises located at 135 East Liberty Street, in Waterbury, Connecticut. In his original complaint, dated April 4, 1995, the defendant brought suit solely against LaCasa Bienvenida, Inc. (hereinafter "LaCasa"), whom he claimed "operated, maintained, possessed and controlled" said premises. On December 12, 1995, the court, Sullivan, J., granted LaCasa's motion to serve an apportionment complaint on the City of Waterbury (hereinafter "City"). As a result, by motion dated February 12, 1996, the plaintiff amended his complaint to include a second count claiming that the City "owned, operated, maintained, possessed and controlled" the premises in question. Presently before the court is a motion to dismiss, filed by the City, seeking a dismissal of count two of the amended complaint. Specifically the City claims that the plaintiff failed to give it written notice of his claim as required by General Statutes § 13a-149.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995), quoting Practice Book § 143. "A CT Page 4747 motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991); Third Taxing District of Norwalk v. Lyons,35 Conn. App. 795, 803, 647 A.2d 32, cert. denied, 231 Conn. 936,650 A.2d 173 (1994). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
In order to properly bring a defective highway claim, a plaintiff must satisfy the notice and limitation requirements of General Statutes § 13a-149 which act as conditions precedent to the maintenance of an action thereunder.[1] Marino v. EastHaven, 120 Conn. 577, 579, 182 A. 225 (1935). As a condition precedent to a cause of action pursuant to § 13a-149, "if [it] is not met, no cause of action exists." Bresnan v. Frankel,224 Conn. 23, 26, 615 A.2d 1040 (1992). The issue of whether the statutory precondition of notice has been satisfied is one of law, for the court to decide. Schaap v. Meriden, 139 Conn. 254,256, 93 A.2d 152 (1952).
In the present case, the plaintiff filed no brief in opposition of the City's motion to dismiss, did not attend the short calendar session on April 14, 1997, wherein the City's motion to dismiss was set down for oral argument, and has made no allegations in his pleadings that any attempt was made to serve notice on the City of Waterbury, in accordance with General Statutes § 13a-149. As well, attached to the City's motion to dismiss is an affidavit of the City Clerk of Waterbury, Vincent Graziano, attesting that no notice has yet been received by the City of Waterbury. Since failure to satisfy the statutory preconditions of General Statutes § 13a-149 precludes invocation of the defective highway statute, thereby depriving the court of all statutory jurisdiction, Dorismond v. City ofStamford, Superior Court, judicial district of Stamford, Docket No. 091941 (September 30, 1988) (14 CLT 45, p. 29), and since the plaintiff has clearly failed to provide the defendant City with notice as provided by General Statutes § 13a-149, the defendant City's motion to dismiss is granted.
SANDRA VILARDI LEHENY, J.