[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Matthew Salemme, filed a complaint[1] against the defendant, the Town of Seymour, pursuant to General Statutes §13a-149.[2] The plaintiff alleges that the defendant is responsibe for the maintenance of the roadways in Seymour, Connecticut, and failed to clear the wet leaves and pine needles from the road, resulting in a slippery road. The plaintiff alleges that, on October 27, 1997, due to this slippery condition, he was unable to stop his vehicle and collided into another motor vehicle, resulting in personal injuries. As required by § 13a-149, the plaintiff provided written notice to the defendant on November 25, 1997. A copy of the written notice is attached to the complaint and made a part thereof. With regard to the requirement that the plaintiff provide notice of the place of injury, the notice provides: "PLACE OF INCIDENT: Silvermine Road, Seymour, Connecticut."
The defendant moves to strike the complaint on the ground that it fails to state a claim upon which relief can be granted. The defendant claims that the plaintiff failed to comply with the statutory notice provision mandated by § 13a-149. The plaintiff objects, arguing that the notice was sufficient.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part there of . . ." Practice Book § 10-39
(a); Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089 (1998). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 68, 700 A.2d 655 (1997); see also Cotto v. UnitedTechnologies Corp., 251 Conn. 1, 18, 738 A.2d 623 (1999). "If facts provable in the complaint would support a cause of action, the motion to CT Page 8021 strike must be denied." (Internal quotation marks omitted.) Bhinder v.Sun Co., 246 Conn. 223, 226, 717 A.2d 202 (1998)
The defendant argues that the plaintiff did not give adequate notice of the accident as required by the statute. The defendant argues that, "as an indication of the `place of the incident,' the plaintiff refers only to `Silvermine Road, Seymour, Connecticut.' The complaint does not indicate the length of the road, or the intersection of the street at which the accident occurred. As such, the plaintiff's notice patently fails to meet the statutory requirements and it is proper to strike the claim." (Defendant's Memorandum, p. 4.) The defendant also argues that the statutory saving clause found in § 13a-149 does not apply to the plaintiff's notice because "the savings clause applies only in the case of errors or inaccuracy, not in case of absence of information." (Defendant's Memorandum, p. 4.)
The plaintiff argues that the notice is sufficient because there was no intention to mislead and the town was not in fact misled. The plaintiff also argues that the notice requirement is to be liberally construed in the plaintiff's favor. The plaintiff further argues that the purpose of the notice requirement is to allow the town to make a proper investigation into the circumstances surrounding the claim and that this purpose was met. The plaintiff argues that the defendant was provided with the necessary information to protect its interests and to investigate the claim.[3]
"As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. . . . The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality." (Citations omitted.) Martin v. Plainville, 240 Conn. 105,109, 689 A.2d 1125 (1997). "The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court." (Citation omitted; internal quotation marks omitted.) Pajor v. Wallingford, 47 Conn. App. 365,378-79, 704 A.2d 247 (1997), cert. denied, 244 Conn. 917, 714 A.2d 7
(1998). "Notice is sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances, to CT Page 8022 ascertain where the injury occurred. . . ." (Internal quotation marks omitted.) Passini v. Winchester, 45 Conn. App. 413, 417, 696 A.2d 1021
(1997)
The defendant argues that the plaintiff's description of the location of the accident, "Silvermine Road, Seymour, Connecticut," is insufficient. "The Connecticut Supreme Court has upheld trial court decisions which held that vague description of the location of injury make the notice of claim inadequate as a matter of law." Sauvage v. Cityof Danbury, Superior Court, judicial district of Danbury at Danbury, Docket No. 321273 (October 15, 1996, Stodolink, J.). For example, notice has been found to be deficient in ".Bresnan v. Frankel, [224 Conn. 23,25, 615 A.2d 1040 (1992)] (`Route 14A, Plainfield, Connecticut,' without further reference to any point along this six mile long road); Schaap v.Meriden, [139 Conn. 254, 257, 93 A.2d 152 (1952)] (`near the edge of a manhole cover' with no other information directing the defendant to any particular one of the numerous manholes found to have existed in the area); Moffett v. Burns, 18 Conn. App. 821, 559 A.2d 1190, cert. denied,212 Conn. 806, 561 A.2d 947 (1989) (notice describing location of accident as `Route 109, New Milford, Connecticut 06776'); Ozmun v.Burns, 18 Conn. App. 677, 679, 559 A.2d 1143 (1989) ("in the vicinity of the Ensign Bickford Company between the traffic lights') . . ." Lussier v.Dept. of Transportation, 228 Conn. 343, 357, 636 A.2d 808 (1994); see also Sauvage v. City of Danbury, supra, Superior Court, Docket No. 321273. These cases may be contrasted with Lussier, wherein the court upheld the trial court's decision finding that the notice of claim was not patently deficient regarding the location description of "route 617 where the highway crosses the Shunock River" where the highway crossed the river at only one place and the road was only three-tenths of a mile long. See Lussier v. Dept. of Transportation, supra, 228 Conn. 357. This court holds that the vague description of the location in the present case, "Silvermine Road, Seymour, Connecticut," is patently deficient, making the notice of claim inadequate as a matter of law.
The plaintiff argues that the saving clause in § 13a-149 saves the defective notice because there was no intention to mislead and the town was not in fact misled. "While the saving clause will excuse inaccuracies in the content of the notice, however, it will not excuse a complete absence of notice." Bassin v. Stamford, 26 Conn. App. 534, 538,602 A.2d 1044 (1992), citing Nicholaus v. Bridgeport, 117 Conn. 398,401, 167 A. 826 (1933). In Bradshaw v. City of New Haven, Superior Court, judicial district of New Haven, Docket No. 383285 (November 4, 1997, Levin, J.) (20 Conn.L.Rptr. 559), the plaintiff gave notice that while walking up Whitney Avenue in New Haven, she slipped and fell. The court held that this description was insufficient as a matter of law and the saving clause did not apply. Id., 560, citing Schaap v. Meriden, CT Page 8023139 Conn. 254, 93 A.2d 152 (1953), and Greenberg v. Waterbury,117 Conn. 67, 167 A. 83 (1933). In Durso v. Town of Sherman, Superior Court, judicial district of Danbury, Docket No. 317959 (May 8, 1995, Leheny, J.), the court held that giving simply the street name as the description of the location of the accident was insufficient to invoke the saving clause. See also Norwalk Co-op v. Town of Greenwich, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 267800 (July 15, 1992, Lewis, J.) (the plaintiff's notice recited the location of the accident as an accident on Glenville Road, Greenwich, was insufficient as a matter of law and the saving clause, which operates to cure inaccuracies, does not cure the plaintiff's description of the location of the accident as Glenville Road, Greenwich.) This court also holds that simply giving the street name is insufficient to invoke the saving clause.
The plaintiff next argues that he gave sufficient information for the defendant to obtain the police report, weather reports, and complaints about the conditions. This argument is also unavailing. The statute requires that the location of the accident be given in the notice. See General Statutes § 13a-149. Furthermore, "it is well to note that the adequacy of the notice required by the General Statutes § 13a-149
must be judged on its own. . . ." Bradshaw v. City of New Haven, supra,20 Conn.L.Rptr. 560; see also Ozmun v. Burns, supra, 18 Conn. App. 681
("the mere availability of photographs did not provide further written notice as required by the statute")
The court holds that the plaintiff's notice is insufficient as a matter of law and that the saving clause is not invoked. The defendant's motion to strike is therefore granted.
The Court
By Sequino, J.