[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE NO. 105
Plaintiff's three-count complaint alleges that he was injured in a motor vehicle collision which occurred on August 22, 1996. He alleges that at that time and place the defendant Schmidt was operating a truck owned by the defendant Lester Cohn, d/b/a County T.V. Appliance, and/or the defendant LOS Corp., collectively referred to as the defendant County.
In the first count plaintiff attributes his injuries to the negligence or carelessness of the, driver of the other vehicle. The first count is captioned "Negligence as to all defendants." Paragraph 3 of the first count is designed to impute the negligence of the defendant driver to the owner of the defendant vehicle and uses language indicating that the defendant driver was operating said vehicle with the permission of the defendant County, or as an agent, servant or employee of the defendant County. In this count the plaintiff claims compensatory damages against all defendants.
The second count is captioned "Recklessness as to defendantSchmidt." In paragraph 4 of the second count, the plaintiff claims that the injuries and losses and damages sustained by him were caused deliberately or with reckless disregard in that one or both of the following violations were a substantial factor in causing said injuries and losses:
 a. In that the defendant Schmidt operated his motor vehicle recklessly, having regard to the width, traffic and use of said highway, intersection of streets, and weather conditions, in violation of Conn. General Statutes 14-222; and
 b. In that the defendant Schmidt violated Conn. General Statutes 14-719(a) in operating said vehicle at such a rate of speed as to endanger the life of the plaintiff.
CT Page 632
Although the second count does not specifically reference § 14-295 of the Conn. General Statutes, its language invokes that statute. 9 Conn. L. Rptr. 286 June 21, 1993, Lager, J.
In Count Two the plaintiff seeks compensatory damages, double damages, and triple damages and other appropriate relief against the defendant operator Schmidt only. Section 14-295 of the Conn. General Statutes reads as follows: "Double or treble damages for persons injured as a result of certain traffic violations." In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of §§14-218(a), 14-219, 14-222, 14-227(a), 14-230, 14-234, 14-237,14-239 or 14-240(a), and that such violation was a substantial factor in causing such injury, death or damage to property.
The third count is captioned "Recklessness as to defendantLester Cohn, d/b/a County T.V. Appliance, and LOS Corp. " In paragraph 4 of this count, the plaintiff alleges that his injuries, losses and damages were caused deliberately or with reckless disregard in that one or both of the following violations were a substantial factor in causing said injuries, losses and damages:
 a. In that the defendant Schmidt was operating his motor vehicle recklessly, having regard to the width, traffic and use of such highway, intersection or street, and weather conditions, in violation of Conn. General Statutes § 14-222, and
 b. In that the defendant Schmidt violated Conn. General Statutes § 14-219(a) in operating said vehicle at such a rate of speed as to endanger the life of the plaintiff.
Here, again, it is apparent that the plaintiff is invoking Statute § 14-295 and seeking to impose upon the owner of the vehicle which Schmidt was driving the same liability for reckless operating of the vehicle that it seeks to impose on the driver of the vehicle, Mr. Schmidt.
The defendants have filed a motion to strike both the second and third counts of the plaintiff's amended complaint. This CT Page 633 motion is grounded on two footings. One, failure to allege sufficient specific facts in count two to state a claim for recklessness under Conn. General Statutes § 14-295. Defendants contend that the allegations in counts two and three merely repeat the factual allegations set forth in the first count which sound in negligence and fail to allege sufficient facts or conduct sufficient to support a cause of action for recklessness. Secondly, the third count which asserts a vicarious liability claim for recklessness against the owner of the vehicle and the apparent employer of the driver, is in derogation of the common law which remains unaltered by Conn. General Statute §14-295 or Conn. General Statute § 52-123. Defendant citesMaisenbacker v. Society Concordia, 71 Conn. 369, 379 (1899) for the proposition that there is no vicarious liability for punitive or exemplary damages at common law.
Plaintiff has responded in his memorandum and in his reply, objecting to the defendant's motion to strike, contending that vicarious liability exists for claims involving Conn. General Statute § 14-295 and § 52-183 and that the language of the second and third counts are legally sufficient to raise a claim of recklessness.
Both counsel have filed lengthy memoranda supported by numerous Superior Court decisions. The Appellate Courts have heretofore not yet been heard from on these issues. The Superior Court decisions reflect a split of authority. It is generally true that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by merely nomenclature." Brock v. Waldon, 127 Conn. 79-81. A number of Superior Court decisions have therefore stricken a claim for double or treble damages under § 14-295 because, "There is no factual basis to support a cause of action for recklessness."Comparone v. Cooper, 7 Conn. Law Rptr. No. 9, 262, 263, September 21, 1992 (Austin, J.). In many cases in the Superior Court which have taken this direction the cases were dealing with common law actions and in those instances it was found necessary to plead a cause of action grounded in recklessness separate and distinct from the negligence action. The application of § 14-295, on the other hand, states explicitly that "The trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of certain statutory sections. These cases have held that this CT Page 634 statute does not require the same specificity of pleadings which is required to support a cause of action predicated on common law recklessness. Spencer v. King, 10 Conn. Law Rptr. No. 2, 78 (Oct. 18, 1993), Higgins, J.
The recent case of Ruth Ann Armstrong v. James H. Smith, Superior Court at Hartford, No. CV 94-0533947S, 13 Conn. Law Rptr. No. 4, 120, January 23, 1995; Sheldon, J. provides a persuasive analysis of the conflicting decisions in the Superior Court on this issue. The court examined the legislative history of § 14-295 which was passed in 1988 and concluded that it eliminated all speculation as to what was the appropriate dividing line between conduct which does or does not fall within its prescription. The court found that it was apparent that the enactors of the current version of § 14-295 intended to restrict the availability of double or treble damages to only the most serious violations of the state's motor vehicle laws and required that any person seeking treble damages must both plead and prove that the defendant, in violating the underlying motor vehicle offense, did so either deliberately or with reckless disregard.
The court held in Armstrong that § 14-295 permits a plaintiff to seek punitive damages if he pleads that the accident and resulting injuries were caused by the actions of the defendant in deliberately or with reckless disregard operating his vehicle in violation of one of the statutes encompassed in § 14-295 of the General Statutes, and that such violation was a substantial factor in causing such injury. The court believes that the decision reflects the current majority view in the Superior Court.
Since plaintiff's pleading in count two satisfies these requirements, the defendant's motion charging that the plaintiff has failed to allege sufficient facts to state a claim sounding in recklessness pursuant to a Conn. General Statute is overruled as to Count Two.
Count Three raises the question of whether § 14-295
permits the award of punitive damages vicariously in this case against the owner of a vehicle driven in violation of one or more of the enumerated statutes listed in § 14-295. In this count there is also an allegation that the defendant was employed by the defendant owner of the vehicle. There is a split of authority in the Superior Court on this issue and as yet the Appellate CT Page 635 Courts have offered no guidance. The defendant asserts that the third count fails as a matter of law as there is no vicarious liability pursuant to Conn. General Statutes § 14-295 and/or § 52-183, and the common law in Connecticut is that "For injuries by the negligence of a servant while engaged in the business of the master, within the scope of his employment, the latter is liable for compensatory damages; but for such negligence, however gross or culpable he is not liable to be punished in punitive damages unless he is also charged with gross misconduct." Maisenbacker v. Society Concordia, 71 Conn. 369, 379
(1899). Although there is no specific reference in the plaintiff's complaint to either General Statute § 14-295 or § 52-183, it is clear from his memorandum and from the cases cited by the plaintiff that these statutes are the basis for the claim that there is vicarious liability in a situation such as this which would permit a plaintiff to seek punitive damages against an owner of a vehicle or against an employer when the driver of his vehicle was operating during the course of his employment. Section 14-295 has been previously quoted in full. Conn. General Statute § 52-183 provides:
 "In any civil action to brought against the owner of a motor vehicle to recover damages for a negligent or reckless operation of the motor vehicle, the operator if he is other than the owner shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting this presumption."
The cases which support the concept that § 14-295
authorizes an action for vicarious liability against a principal or owner are based primarily upon a determination of legislative intent. Does § 52-183 when read in conjunction with §14-295 express a legislative intent to alter the common law rule and impose vicarious liability on an employer for punitive damages? Or, is something more required, or as the defendant contends, there's absolutely no expression of legislative intent in § 14-295 or § 52-183 that the owner of a motor vehicle should have liability identical to that of the operator.
Some decisions have relied upon Gionfriddo v. Avis Rent-A-CarSystem, Inc., 192 Conn. 280 (1984), in concluding that the two statutes cited earlier enable a court to impose punitive damages on an owner or employer. In Gionfriddo the court determined that CT Page 636 owner lessors are liable pursuant to General Statutes §14-154(a) for double or treble damages awarded pursuant to §14-295. General Statutes § 14-154(a) imposes upon one who rents or leases a motor vehicle to another the same liability as that of an owner. The statute reads as follows:
 "Liability of owner for damage caused by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as to the operator would have been liable if he had also been the owner. "
There is no comparable statute relating to liability of employer-owners. Focusing on the recklessness language in §52-183, some courts have reasoned that because General Statutes § 14-295 allows for multiple recovery for recklessness, punitive recovery against an employer should also be allowed.
The court is not persuaded. In the absence of a statute comparable to § 14-154(a) which specifically imposes the same liability upon any person renting or leasing to another any motor vehicle owned by him, liability to the same extent as the operator would have been liable if he had also been the owner, the court cannot find legislative intent in either or both of the cited statutes to impute to the owner employer the same liability as the driver of the vehicle. Krisak v. Pendagast, supra;Cunningham v. Langlois, 5 Conn. L. Rptr. 79, October 1, 1991, McWeeny, J.
Accordingly, defendant's motion to strike Count Three of plaintiff's complaint is granted because neither Conn. General Statutes § 14-295 nor § 52-183 expressly or impliedly authorizes the imposition of punitive damages upon a defendant owner whose liability is vicarious.
Dorsey, J. Judge Trial Referee