[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Defendant Stephen M. Pike ("Pike") has moved to strike the Second Count of plaintiff's Complaint, dated July 28, 1999, as well as paragraph 2 of the plaintiff's prayer for relief. Pike contends that these portions of the Complaint, which seek relief under Conn. Gen. Stat. § 14-295 based on claimed recklessness, are legally insufficient since a proper factual predicate has not been pleaded. For the reasons set forth below, the court grants the motion in part and denies it in part.
I. FACTS
The salient allegations are summarized below. The Second Count incorporates paragraphs 1-5 of the First Count. Plaintiff is the widow and administratrix of the estate of her husband, Ferdinand J. Walton ("Walton"). Id., par. 1. On February 6, 1998, Walton was a passenger in a Chevrolet van owned by his employer, Defendant Duct Vent Cleaning of America, Inc. ("Duct"). Id., pars. 3, 10. Pike was driving the van on Route 9 in Old Saybrook when, while negotiating a curve along the on ramp to Interstate 95 North, the vehicle "flipped onto its passenger side, causing . . . Walton to be ejected from the truck and to suffer the injuries, losses and damages hereinafter described which resulted in his death." Id., par. 4. Pike was operating the van as the agent and employee of Duct and within the scope of his authority as such. Id., par. 5.
Par. 6 of the Second Count alleges that Walton's death and damages were caused by Pike's recklessness, "in one or more of the following ways":
 a. he drove his vehicle at an unreasonable rate of speed, in violation of C.G.S. § 14-218a;
 b. he operated his vehicle recklessly, having regard to the CT Page 223 width, traffic and use of said highway, in violation of C.G.S. § 14-222;
 c. he failed to operate his vehicle in the right-hand lane of traffic upon the highway at that time and place in violation of C.G.S. § 14-230;
 d. he failed to apply his brakes in time, although by a proper and reasonable exercise of his faculties, he could and should have done so;
 e. he failed to keep his vehicle under proper and reasonable control;
 f. he drove his vehicle when he was not properly trained and licensed to drive his vehicle and therefore knew or should have known it was dangerous for him to drive his vehicle;
 g. he drove his vehicle when he knew or should have known it was in a dangerous and defective condition by reason of a weight imbalance in the body of said truck.
Id. Further, par. 7 states that, "[a]s a result of the recklessness of [Pike] as aforesaid, . . . Walton received injuries which resulted in his death."
In her claim for relief, par. 2, plaintiff seeks "[d]ouble or treble damages pursuant to C.G.S. § 14-295."
As Pike points out in his Memorandum of Law, at 2-3, plaintiff's First Count alleges that Pike is liable for negligence, based on the same predicates pleaded in the Second Count. Paragraph 6 of the First Count contains the same subparagraphs a-g which are quoted above from par. 6 of the Second Count.
II. STANDARD OF REVIEW
"The purpose of a motion to strike is contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580 (1997) ("Faulkner"); Practice Book § 10-39(a). In adjudicating a motion to strike, the court must construe the facts alleged most favorably to the pleader. Bohan v. Last, CT Page 224236 Conn. 670, 674-675 (1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks and citation omitted)Peter-Michael, Inc. v. Sea Shell Assoc., 244 Conn. 269, 271
(1998).
The court's review is limited to the facts alleged in the complaint. Faulkner, 240 Conn. at 580. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Med.Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992);Fortini v. New England Log Homes, Inc., 4 Conn. App. 132, 134-35
(1985), cert dismissed, 197 Conn. 801 (1985). However, "[w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations and internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 308 (1998).
III. DISCUSSION
Pike's motion and brief contend that plaintiff "cannot simply plead factual allegations in a negligence count and then label the same conduct reckless in order to support a claim of recklessness." Pike's Memo. of Law, at 5.
As Pike's brief notes, at 6, Conn. Gen. Stat. 14-295 permits a plaintiff to recover double or treble damages. The statute provides:
 [i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
Pike cites also the split of authority among opinions of the Superior Court as to the amount of specificity which must be pleaded to entitle a litigant to the additional damages authorized by the statute. Memo. Of Law at 7-8. Pike claims that the Second Count insufficiently informs him of what acts are claimed to have been reckless. Id. at 8. He also claims that CT Page 225 plaintiff has not, as required, pleaded that Pike acted "`deliberately or with reckless disregard' in violating one of the enumerated statutes and that this violation was a `substantial factor' in causing the plaintiff's injuries." Id., quoting Ditillo v. VanGeerdele, 1999 WL 619586 (August 3, 1999) (Gill, J.).
In response to the motion, Plaintiff's Memorandum Of Law, at 2, concedes that subparagraphs 6(d) through 6(g) of the Second Count contain the same factual allegations as stated in the First Count and that these subparagraphs may be stricken. This was reiterated at oral argument. Accordingly, the motion is granted as to these subparagraphs and they are stricken.
Plaintiff argues that the Second Count complies with the plain wording of Conn. Gen. Stat. § 14-295, by specifying Pike's conduct which allegedly caused the accident and resulting injuries and death. Plaintiff's Memo. Of Law at 3-5. She relies on the line of cases emanating from Spencer v. King,1993 Ct. Sup. 8993, 8 CSCR 1024, 1993 WL 383286 (September 16, 1993) (Higgins, J.), which stated that § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on recklessness. `When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct.' (Citations omitted.) Warkentin v.Burns, 223 Conn. 14, 22 (1992)." Id., 1993 Ct. Sup. At 8994.[1]
Plaintiff asserts that the Spencer v. King line of cases constitutes the majority of the analyses provided by Superior Court judges. Plaintiff's Memo. Of Law, at 5.
This court finds persuasive the reasoning in this group of cases. Armstrong v. Smith, 1994 Ct. Sup. 12168, 12173-12176,13 C.L.R. 120 (December 2, 1994) (Sheldon, J.), which is one of these decisions, is particularly instructive since it reviews the legislative history of § 14-295. After quoting the remarks of various legislators, the court concluded that "the enactors of the current version of Section 14-295 intended to restrict the availability of double or treble damages to only the most serious [violations] of our state's motor vehicle laws." Id. at 12175. Under the statute, a person seeking enhanced damages "must both plead and prove that the defendant, in violating the underlying motor vehicle offense, did so either `deliberately or with reckless disregard." Id. at 12175-12176. By pleading this heightened standard set forth in § 14-295 "and thus CT Page 226 committing herself to proving, this critical mental element, the plaintiff has pleaded all the law requires to ensure that the statute will be strictly enforced according to its terms." Id. at 12176.
In the more recent case of Carta v. Cohn, 1999 Ct. Sup. 630,631-634, 1999 WL 30951 (January 12, 1999) (Dorsey, J.), the court overruled a motion to strike where, as is the case here, the allegations in the second (recklessness) count "merely repeat the factual allegations set forth in the first count which sound in negligence. . . ." Id. at 633. Since the plaintiff in Carta
pleaded that the accident and resulting injuries were caused by the defendant "in deliberately or with reckless disregard operating his vehicle in violation of one of the statutes encompassed in 14-295 of the General Statutes, and that such violation was a substantial factor in causing such injury," the motion was denied. Id. at 634.
In plaintiff's Second Count here, at par. 6, she pleads that Walton's death was caused by Pike's "recklessness" in one or more of three following ways: driving at unreasonable speed in violation of Conn. Gen. Stat. § 14-218a; operating his vehicle "recklessly," in violation of Conn. Gen. Stat. §14-222; and failing to keep his vehicle in the right-hand lane in violation of Conn. Gen. Stat. § 14-230. Compliance with the statute has occurred since each of these enumerated sections is denominated as one of those for which violation may result in double or treble damages under § 14-295. Construing the facts most favorably to the pleader, the court finds that since plaintiff explicitly pleads in par. 7 that Pike's recklessness caused Walton's death, she also has satisfactorily complied with § 14-295's requirement of "specifically" pleading that the violation "was a substantial factor in causing such injury, death or damage to property."
CONCLUSION
The motion to strike is granted as to subparagraphs 6(d), (e), (f), and (g) of the Second Count, which are stricken. The motion to strike is denied as to the Second Count's subparagraphs 6(a), (b), and (c), and as to paragraph 2 of the prayer for relief.
It is so ordered.
BY THE COURT CT Page 227
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT